## GULLEDGE VS. HOWARD AND WIFE.

A count upon a written instrument—being a receipt for money to be paid over for particular purposes—for the recovery of damages arising from a failure to pay over the money, is subject to the limitation of five years, not three years.

This court will not enquire whether the Circuit Court rightly sustained a demurrer to a plea, where the defendant might have given, and did give in evidence, under another plea, the same facts set up in the plea demurred to.

The liability of a mandatory, or bailee without reward, for the loss of the goods entrusted to him, depends on whether he was guilty of gross negligence.

The finding of the court, sitting as a jury, will not be disturbed, unless there was a total want of evidence to support it.

*Appeal from Drew Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

HARRISON, for the appellant.

The action was not founded on the receipt, but on the implied contract to refund the money : and the period of limitation was three years. *Sec.* 10, *ch.* 106, *Dig.* The receipt is not a contract, but only evidence of one. *Beebe et al. vs. R. E. Bank*, 4 *Ark.* 127 ; 4 *T. R.* 151 ; 2 *Ld. Raym.* 758.

The loss of the money was a good defence to the action, unless lost by the defendant's negligence: and if so, that fact should have been put in issue by replication. *Story on Bail.* secs. 212, 213, 278, 339, 410 ; 3 *East. R.* 192; *Ch. Pl.* 213; *Gould's Pl.* 14.

WINTER for the appellees.

There was no total want of evidence to sustain the material allegations in the declaration, and therefore the finding of the

court will not be disturbed. 2 *Ark.* 360, 392. 4 *Ark.* 312; 15 *Ark.* 403.

The defendant was bound to keep and appropriate the money with due care and diligence; and if it was lost he was bound for it, unless it clearly appeared that he was free from fault or negligence. *Story on Bail.* 173, 175; *Jones on Bail.* 1046; 11 *Wend.* 25.

The defendant was not prejudiced by the demurrer to his 3d plea being sustained. 1 *Eng.* 536.

Mr. Justice COMPTON delivered the opinion of the court.

Henry B. Howard and wife (formerly Mrs. Nelson,) brought an action of assumpsit against Thomas W. Gulledge, founded on the following instrument :

" Received of Mrs. F. Nelson, two hundred dollars, to be applied to entering land in her name, in Drew county, Arkansas, and ten dollars to give to Wm. J. Carter, of Drew county, Arkansas, and ten 75–100 dollars to be given to J. B. Erwin, of Drew county, Arkansas. January 1st, 1855."

(Signed.).ɨ                    THOMAS GULLEDGE.

The defendant pleaded 1st: *non assumpsit;* 2d, that the cause of action did not accrue within three years next before the commencement of the suit; and 3d, that he casually lost the money, etc. The second and third pleas were held bad on demurrer; issue was joined to the first plea, and the cause being submitted to the court, sitting as a jury, the finding was for the plaintiff, and judgment accordingly. The defendant then moved for a new trial, which was overruled, and he appealed.

In sustaining the demurrer to the second plea, the court did not err. The first count in the declaration, though inartistically drawn, was designed to be, and may be treated as founded on the written instrument for the recovery of damages arising from a failure on the part of the defendant, to appropriate the money as by his undertaking he had agreed to do ; consequently, the

period of limitation was five years. *Gould's Dig., ch.* 106, *sec.* 15. Whether the demurrer was correctly sustained to the third plea, it is not material to enquire ; because, the matter alleged in this plea being admissible under the plea of non-assumpsit, and having been given in evidence under that plea, it cannot be said that the defendant was prejudiced by the ruling of the court. *Pelham vs. Page*, 1 *Eng.*, 535.

On the trial, the defendant proved the loss of the money and the manner of its loss, and being a mandatory or bailee without reward, as shown by the proof, his liability depended on whether he was guilty of gross negligence. This was a question for the jury; (*Doorman vs. Jenkins*, 2 *Adol. & Ell.* 256;) and the court sitting as a jury, by consent, having found for the plaintiff, we do not feel authorized to disturb the finding, there being no total want of evidence to support it.

Let the judgment be affirmed.