KENNEDY v. MUTUAL BENEFIT LIFE INS. CO. OF NEWARK, N. J.

(District Court, D. Montana. May 20, 1913.)

No. 319.

INSURANCE (§ 130*)—CONTRACT—"ACCEPTANCE" OF APPLICATION.

Decedent, whose life was insured in defendant company for $5,000, applied to defendant's local agent for $10,000 additional insurance. The application stated that, if the total face value of insurance carried in defendant amounted to $15,000, a microscopical examination of urine was required. Decedent was examined by defendant's medical examiner, but no such microscopical examination was made. The first annual premium was contingently paid, and decedent received a receipt which stated that it was binding on the company from the date of the medical examination, provided the application for insurance was approved and the policy issued by the company as applied for. Defendant's medical board disapproved the application, and, under defendant's rules it went to and required approval by three of defendant's executive officers, or it stood rejected. Three of such officers marked the application "Approved," with the date, and affixed their initials; but at least one did not know that no microscopical examination had been made, though abbreviations on the application indicated that fact. The application then went to the policy department, where, the absence of a microscopical examination having been discovered, the application was referred back to the executive officers, and the prior approval canceled. On January 22, 1906, a letter was written to the soliciting agent that such examination was desired. Decedent was killed on January 26th, the day before such letter was received, and payment demanded and refused. *Held*, that there was no sufficient acceptance of the application to constitute a contract, and defendant was not liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 195–202; Dec. Dig. § 130.*

For other definitions, see Words and Phrases, vol. 1, pp. 54, 55.]

At Law. Action by Mary A. Kennedy against the Mutual Benefit Life Insurance Company of Newark, New Jersey. Judgment for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kremer, Sanders & Kremer, of Butte, Mont., for plaintiff.
Gunn, Rasch & Hall, of Helena, Mont., for defendant.

BOURQUIN, District Judge. This is an action wherein plaintiff claims to be the beneficiary of insurance procured from defendant. The defense denies the insurance.

Trial by the court. It appears, and the court finds, that on January 11, 1906, at Butte, Mont., Harry A. Kennedy, whose life was then insured for $5,000 by defendant, applied to defendant's local agent for additional insurance in amount $10,000; plaintiff the beneficiary. The application signed by Kennedy stated that, if the total face value of insurance carried in defendant amounted to $15,000, a microscopical examination of urine was required. The applicant was examined by defendant's local medical examiner, but such microscopical examination was not made.

The first annual premium was contingently paid, and the applicant received a receipt wherein was recited that:

"This receipt will be binding on the company from the date of medical examination, provided the application for the insurance is approved and policy issued by the company, as applied for."

The agent forwarded said application to the company at Newark, N. J. The medical board of defendant disapproved the application, and under defendant's rules it went to and required approval by three of defendant's executive officers, or it stood rejected. Three of such officers marked the application "Approved January 20, 1906," and affixed their initials thereto. At least one of them was ignorant that no microscopical examination had been made, though abbreviations noted on the application indicated the fact.

It then went to the policy department, where it could be properly subjected to further scrutiny. Thereupon the lack of the aforesaid microscopical examination was noted, no policy was written, the application was referred back to the executive officers because of the lack aforesaid, by one of them the approval before made was canceled, and on January 22, 1906, a letter was written by defendant to its Butte agent, stating that such microscopical examination was desired. Kennedy was accidentally killed on January 26, 1906, said letter was received in Butte on January 27, 1906, and payment was demanded of and refused by defendant.

The court concludes that plaintiff is not entitled to recover. The contract of insurance sought was not consummated. Kennedy's application must be read with the receipt to discover the conditions upon which a contract of insurance would arise. Thus read, the application was an offer by the applicant for a contract of insurance, unilateral in its nature, by defendant, and to be accepted by defendant by (1) approval of the application, and (2) by issuance of a policy as applied for. Acceptance required both.

Until so accepted, neither party was bound, and both parties had a right to a locus pœnitentiæ. The contract would be created by defendant's performance of the conditions stipulated in the receipt, and not by any defendant's counter promise—by things done and not by

words said.  Performance of these conditions by defendant would supply a consideration for the applicant's offer or promise and make the latter binding on him.  Nothing less would accomplish it.  No notice of acceptance would be necessary to create the contract, though, since defendant's acceptance was to be by performance of conditions, by acts more or less secret, notice would be necessary before the applicant could thereafter be put in any default.  The policy delivered would constitute notice.  It may be observed that, had defendant notified the applicant that it accepted his application, this would have implied a counter promise by it to issue a policy, and, not dissented from by the applicant, would have created a contract of insurance, bilateral in its nature, whether or not the policy issued.

Since acceptance required both approval and issuance of the policy, the mere approval, inadvertent or otherwise, revoked or otherwise, was not acceptance.  Despite approval, revoked or not, defendant could thereafter rightfully insist on the microscopical examination.  None furnished, death intervening, the applicant's offer lapsed.  No policy having issued (and by "issued" is imported a policy written and intended for delivery), no acceptance was made, and no contract of insurance was entered into.  The minds of the parties never met.

The case may be likened to those wherein the application provides that the insurance shall not be in force until delivery of the policy.  Therein delivery, actual or constructive, is a condition precedent to the creation of a contract, even as issuance of the policy was in the instant case.

Judgment for defendant.