MATILDA DeCESARE *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Essex.  January 4, 1932. — March 5, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Insurance*, Life.  *Contract*, What constitutes.

An application on March 4 for a policy of life insurance contained the statement that the insurance company should incur no liability until the application was received and approved, the first premium paid and a policy issued and delivered, all in the lifetime of the applicant, in which event the policy should take effect as of the date of issue recited therein.  The applicant on March 7 made an advance payment equal to the first full premium on the policy applied for; and received a receipt therefor which stated, in part, that "No insurance is in force on such application unless and until a policy has been issued thereon and delivered in accordance with the terms of such application, except that when such advance payment is equal to the full first premium on the policy applied for and such application is approved at the Home Office of the Company . . . then the amount of insurance applied for will be in force from this date, but no obliga-

tion is assumed by the Company unless and until such application is so approved." The applicant died on March 31. Previous to his death the application was approved by the company and, on March 25, a policy, dated April 1, was delivered by its agents at the applicant's residence. The applicant then was in a hospital, where he remained until his death. The beneficiary of the policy complied with all of its requirements after the applicant's death. In an action by the beneficiary against the company for the amount of insurance applied for, it was *held*, that

(1) The above quoted provisions of the receipt, when construed with the application, created a valid contract for temporary insurance effective upon acceptance of the application by the defendant at its home office;

(2) The policy did not appear to have been delivered to or accepted by the applicant;

(3) In the circumstances, a finding was warranted that the contract for temporary insurance was in force at the time of the applicant's death;

(4) A verdict for the plaintiff was warranted.

CONTRACT. Writ dated March 29, 1928.

The action was tried in the Superior Court before *Pinanski*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. M. Morrison*, (*R. N. Daley, Jr.*, with him,) for the plaintiff.

*W. P. Kelley*, for the defendant.

SANDERSON, J. This is an action of contract in which the plaintiff seeks to recover as beneficiary on an alleged contract of insurance on the life of Frank DeCesare. The trial judge directed a verdict for the defendant on the sole ground that no valid contract of insurance existed between the defendant and DeCesare, husband of the plaintiff, at the time of his death on March 31, 1927.

The plaintiff in her declaration alleged that the defendant issued to Frank DeCesare on or about February 25, 1927, a policy of insurance on his life payable to the plaintiff as beneficiary, and that on March 7, 1927, he made another contract with the defendant for an additional policy which was to be issued on the same examination and payable to the plaintiff as beneficiary upon which a payment equal to the full first premium on the policy

applied for was made by the applicant and for which the receipt described below was given; that the applicant died on March 31, 1927, before the policy applied for was actually delivered; that the defendant had notice and proof of his death and was bound to pay the plaintiff as beneficiary the sum named in the application. The answer, after making a general denial, sets up the defence of fraud and also that the policy was not delivered to the insured and therefore never took effect as a contract, and if issued and delivered it was dated, issued and delivered to take effect as of April 1, 1927, and never took effect because of the death of the applicant. The answers to questions submitted to the jury eliminated from the case the defences of fraud.

The second application for a policy of insurance was dated March 4, 1927, and contained a clause in the following terms: "It is understood and agreed: . . . 4. That the Company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the Company during the lifetime of the Applicant in which case such policy shall be deemed to have taken effect as of the date of issue as recited on the first page thereof." The record states that on March 7, 1927, Frank DeCesare had made "full payment of all premiums due on the policy in suit" and a receipt was issued to him on that date by duly authorized agents of the defendant company acting within the scope of their authority, stating the money was received "on account of application made this date to the METROPOLITAN LIFE INSURANCE COMPANY. Such advance payment will be returned to the applicant (a) if application is declined or (b) if a policy is issued other than as applied for and applicant declines to accept it. If a policy is issued as applied for and applicant declines to accept it and pay the balance of the first premium, then the advance payment will be forfeited. No insurance is in force on such application unless and until a policy has been issued thereon and delivered in accordance with the

terms of such application, except that when such advance payment is equal to the full first premium on the policy applied for and such application is approved at the Home Office of the Company for the Class, Plan and Amount of insurance and at the rate of Premium as so applied for, then the amount of insurance applied for will be in force from this date, but no obligation is assumed by the Company unless and until such application is so approved. If a policy is offered by the Company that is not in all respects the same as the policy applied for, such policy will not take effect unless and until it has been accepted by the applicant and the additional premium therefor, if any, has actually been paid to and accepted by the Company during the lifetime of the applicant. Mar. 7, 1927. I. LEONE District, Lawrence, Mass. If policy is not delivered to you within 60 days from date, this receipt should be presented at the District Office, or the Home Office in New York for redemption."

Frank DeCesare was admitted to a hospital in Boston on March 15, 1927, where he submitted to an operation on March 17, 1927, and where he remained until his death on March 31, 1927. The application · for the policy was approved during the lifetime of the applicant at the home office of the defendant for the class, plan and amount of insurance and at the rate of premium as applied for. The record states: "Prior to the death of the said Frank DeCesare the policy here in suit dated April 1, 1927, was delivered at the home of the named insured, Frank De-Cesare on March 25, 1927, by duly authorized agents of the defendant company. The named insured, Frank DeCesare, made an advance payment equal to the first full premium on the policy applied for. The policy as delivered by the company was in all respects the same as the policy applied for, except as to the date thereof." The plaintiff in her declaration and the defendant in its brief both state that the policy was not delivered to the applicant. The policy states on its first page that it is issued in consideration of the application therefor and the payment for the insurance of $64.20 "(which maintains

this Policy in force for a period of ONE month from its date of issue, as set forth below)." The policy also states under the heading of "PROVISIONS AND BENEFITS": "This Policy and the application therefor constitute the entire contract between the parties . . . ." Following the death of Frank DeCesare due proof of death within the meaning of the terms of the policy was made by the plaintiff. The plaintiff surrendered the policy to the defendant in accordance with its terms, and at the same time surrendered to it the receipt above quoted and in all other respects complied with the requirements of the policy and the receipt. The parties stipulated "that if on the evidence properly admitted or improperly excluded, the ordering of a verdict was right, judgment is to be entered on that verdict. If the ordering of a verdict was wrong, judgment is to be entered for the plaintiff in the sum of $10,000 with interest thereon from April 12, 1927." No contention is made that the plaintiff is not the proper party to bring the action if a valid contract of insurance was in force at the time of the death of the applicant. The plaintiff bases her right to recover not on the policy but contends that the terms of the receipt issued to the applicant upon his payment of the full first premium charges rendered the insurance applied for effective immediately upon the approval by the company of his application, and further contends that the language of the receipt should be read in connection with the application and the policy later issued.

The right, apart from some statutory prohibition, to enter into contracts for temporary insurance either by oral or written coverage agreements seems to be well established in this Commonwealth. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, 422. *McQuaid* v. *Aetna Ins. Co.* 226 Mass. 281, 284. *Mowles* v. *Boston Ins. Co.* 226 Mass. 426. *Cass* v. *Lord,* 236 Mass. 430, 432. *Park & Pollard Co.* v. *Agricultural Ins. Co.* 238 Mass. 187, 192. In *Goodhue* v. *Hartford Fire Ins. Co.* 175 Mass. 187, 191, the court in an opinion by Holmes, C.J., said at page 191: "It was suggested for its bearing upon various parts of the case that the statutes now imply that all insurance shall be in writing. St. 1894, c. 522,

§ 59. Pub. Sts. c. 119, § 138. The contrary is settled, at least with regard to temporary contracts such as is alleged in the second count. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416." G. L. c. 175, § 22, as amended by St. 1924, c. 406, § 18, and G. L. c. 175, § 193, by their terms apply only to "any policy of insurance or any annuity or pure endowment contract." They do not purport to affect the validity of temporary contracts to insure pending the issuance and delivery of the policy or other formal contract of insurance. A contract for temporary insurance ordinarily means that "the property . . . [is] insured in the standard form of insurance . . . for a reasonable time until either the policy or policies can be written out or their issuance approved or disapproved by authorized representatives of the insurer, or some other temporary impediment to the complete and formal contract of insurance may be removed. It constitutes insurance for a reasonable time considering all the attendant conditions." "In order to recover a loss by fire sustained after the expiration of such reasonable time, there must be proof of the formal policy." *McQuaid* v. *Aetna Ins. Co.* 226 Mass. 281, 284, 286. *Park & Pollard Co.* v. *Agricultural Ins. Co.* 238 Mass. 187, 192, 193. In *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, the court held that where an insurance company has bound itself by a contract for insurance until a policy is issued and fails to issue a policy in a reasonable time, it may be liable in damages because of its breach of contract. It seems that among the cases in this Commonwealth which have in terms recognized the validity of contracts for temporary insurance none have related to life insurance. In *Marks* v. *Hope Mutual Life Ins. Co.* 117 Mass. 528, the court held that the receipt there in question did not purport to be such a contract but purported to disclaim any assumption of liability by way of insurance otherwise than by a policy duly issued to the party applying. In *Baldwin* v. *Connecticut Mutual Life Ins. Co.* 182 Mass. 389, the question did not relate to a contract for temporary insurance but was whether the alleged oral contract for life insurance there in evidence was valid.

The contract in that case was held to be invalid because the agent was not authorized to make an insurance contract in this Commonwealth and also because an ordinary solicitor would not have authority to make such an unusual contract as an oral agreement for life insurance to take effect immediately without a medical examination and without the payment of premium except by note. The court said at pages 392–393: "We do not intimate that the term 'general agent,' . . . implies such an authority to represent the company as would cover the making of a contract of this kind, apart from the statutory restrictions." In *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448, the court said that at common law a contract of insurance need not be in writing. See *Langdeau* v. *John Hancock Mutual Life Ins. Co.* 194 Mass. 56, 64. In the absence of statutory prohibition there would seem to be no valid reason why the principle permitting contracts for temporary fire insurance by authorized agents should not uphold temporary contracts for life insurance where the applicant has passed the required medical tests and paid the full first premium. See *Reynolds* v. *Northwestern Mutual Life Ins. Co.* 189 Iowa, 76; *Northwestern Mutual Life Ins. Co.* v. *Neafus*, 145 Ky. 563; *Lyke* v. *First National Life & Accident Ins. Co.* 41 S. D. 527; *New York Life Ins. Co.* v. *Abromietes*, 254 Mich. 622; *Gardner* v. *North State Mutual Life Ins. Co.* 163 N. C. 367. Upon the facts stated in the record we are of opinion that the agreement in the receipt, when construed with the application, created a valid contract for temporary insurance effective upon acceptance of the application by the company at its home office, and that the fact that the agreement did not contemplate that any obligation would be assumed by the company unless and until the application should be approved does not require a different conclusion. See *Scammell* v. *China Mutual Ins. Co.* 164 Mass. 341, 343; *Reynolds* v. *Northwestern Mutual Life Ins. Co.* 189 Iowa, 76.

The question, whether this temporary contract was still in force at the time of the death of the applicant, remains to be considered. The language of both the appli-

cation and receipt shows that the issuance and delivery of a policy were contemplated by both parties as the consummation of their negotiations and that the application and receipt were but preliminary steps to the execution of a contract in the form of a policy. It would seem that when a reasonable time has elapsed for the issuance and delivery of an insurance policy after the acceptance of the application the reason for holding the temporary contract to be valid no longer exists and the plaintiff's right of recovery on that as a contract of insurance is at an end. The question, what is a reasonable time for the issuance of a policy, may vary upon the facts and conditions existing in different cases. Ordinarily the time during which a contract for temporary insurance may remain in force would not extend beyond the date when a policy was actually issued and delivered to the applicant. In the case at bar the policy does not bear the date when sent out from the home office, but for some reason not disclosed by the record it is dated and purports to be effective as a policy several days after it was delivered at the home of the applicant. So far as the record discloses it was not delivered to or accepted by the applicant and he was given no opportunity to decide whether he would accept the policy as issued. Upon all the facts in the record we are of opinion that the contract for temporary insurance could be found to be in force at the time of the death of the applicant.

The case is distinguishable in its facts from *Mowles* v. *Boston Ins. Co.* 226 Mass. 426, where the plaintiff sought to recover on an oral contract of insurance and the court held that the contract for temporary insurance came to an end when the formal written instrument issued by the company was delivered to and accepted by the applicant or his agent. In the same case at page 429, the court said: "If it be assumed further that the plaintiff was entitled to a reasonable time after the delivery to him or his agent for the examination of the policy, to see whether it conformed to his understanding of the contract, it is plain that such reasonable time expired long before the fire." It is also distinguishable in its facts from the following

cases cited in the defendant's brief: *Pace* v. *Provident Savings Life Assurance Society,* 113 Fed. Rep. 13, *Mohrstadt* v. *Mutual Life Ins. Co. of New York,* 115 Fed. Rep. 81, and *Ins. Co.* v. *Young's Administrator,* 23 Wall. 85.

In accordance with the terms of the report judgment must be entered for the plaintiff in the sum of $10,000, with interest thereon from April 12, 1927.

*So ordered.*