Henchet, J.
This is an action of contract in which the plaintiff, as beneficiary under an alleged contract of life insurance, seeks to recover an amount alleged to be due upon the death of the insured. The defendant’s answer included a general denial and a further allegation that the application for insurance was never accepted by the defendant, that no policy of insurance was ever issued by the defendant on the life of the insured, and that the defendant never entered into any contractual relations with the alleged insured as a result of the alleged application for insurance.
At the trial there was evidence tending to show that Ida Lagasse, about December 11, 1937, made application with the defendant for a policy of insurance in the sum of two hundred sixty-five dollars; that the plaintiff paid fifteen cents as the premium for one week and received a receipt, and was told by the agent of the defendant com *362 pany to keep the receipt, that it was good in case of the death of Ida Lagasse.
The receipt, which was introduced in evidence by the plaintiff, was dated 12-11-1937, and provided as follows: “It is understood and agreed that no liability is assumed by the company on account of this payment nor until it shall issue a policy, but if death occurs after the date of the application from which this receipt is detached and prior to the date of issue of such policy, payment in accordance with and subject to the conditions and provisions of the policy applied for shall be made; provided the applicant is insurable under the 'Company’s rules and the application is approved and accepted by it at its Home Office as to plan, premium and amount of insurance.” On the reverse side of the receipt is a notice that the agent has no authority to make or modify contracts for the defendant company.
There was evidence that the application was forwarded from the district office at Lowell, where it was made, to a physician for a physical examination of the proposed insured, to determine whether or not she was insurable under the company’s rules. The examination was made on December 28, 1937; the physician found the proposed insured to be suffering from acute bronchitis and reported to the defendant company that acceptance of the application be postponed for at least four weeks. Ho subsequent examination was made; nor did the defendant company issue any policy! The plaintiff conferred with the assistant manager of the defendant’s.District Office at Lowell on January 3, 1938, and was told that a policy had been received at the Lowell office. The evidence was conflicting as to whether, at that time, the assistant manager said that the application had been accepted by the Home Office-.
Ida Lagasse died on January 21,1938. Death was caused by cirrhosis of the liver, from which disease she had been *363 suffering since January 3, 1938. On the day of the proposed insured’s death, the plaintiff’s husband again visited the Lowell Office and was told by the assistant manager, after an examination of the office records, that no policy had been received from the company upon the application.
At the proper time the defendant filed eight requests for rulings, all but two of which were granted. Those denied were:
1. The evidence in this case does not warrant a finding for the plaintiff.
8. The evidence in this case does not warrant a finding that the applicant, Ida Lagasse, was insurable under the Company’s rules at the time the application was made.
The court found for the plaintiff in the sum of two hundred and sixty-five dollars with interest from April 6, 1938. The court also filed special findings in which it stated the facts to be substantially as above related and in addition that the medical examination revealed that the proposed insured suffered no ailment other than acute bronchitis on December 28, 1937, and was then twenty-seven years old and in good health up to that time. The court further specifically found that no policy was ever issued by the defendant company; that no notice was ever given that the application was refused or its acceptance postponed; and that, after the proposed insured’s death, the plaintiff made demand for payment of the amount for which the policy was to have been written, which demand was refused, but without a return or offer of return of the amount represented by the receipt. The court then found that “a contract for temporary insurance was in force at the time of the decease of Ida Lagasse and the defendant is liable for the amount of the insurance applied for.”
*364 The defendant claims to be aggrieved by the Court’s refusals to rule and by its special findings and the case was reported here.
We are of the opinion that the general finding of the trial judge was unwarranted, especially in view of his special findings and rulings.
The trial judge has found as a fact that no policy of insurance was ever issued by the defendant company. This finding, supported by the evidence, must stand and be accepted. Masterson vs. American Employers’ Insurance Co., 288 Mass. 518. Now the court has found that a contract for “temporary insurance” was in force. What was this contract? It must be contained in the receipt which was given in evidence. There is no other evidence of a contract. We must, then, examine the terms of the receipt, which, as evidence of the application, was an offer made by the plaintiff to the defendant company to insure the life of Ida Lagasse for a stated amount. By its very terms the application must be “approved and accepted” at the defendant company’s Home Office. No contract of insurance, temporary or permanent, would come into existence until’ this offer was so accepted. Gabbett vs. Connecticut General Life Insurance Co., Mass. Adv. Sh. (1939) 1107, 1109. The plaintiff is bound by the terms of the instrument upon which she relies as proof of the contract. Marks, Admx. vs. Hope Mutual Life Insurance Co., 117 Mass. 528; McQuaid vs. Aetna Insurance Co., 226 Mass. 281. Approval and acceptance by the Home Office were made conditions precedent to the formation of a contract by which the defendant company would be bound to pay money upon the death of Ida Lagasse. The plaintiff has the burden of proving compliance with those conditions. Fondi vs. Boston Mutual Life Insurance Co., 224 Mass. 6; Larsen, Admx. vs. *365 Metropolitan Life Insurance Co., 289 Mass. 573; Golden vs. Equitable Life Assurance Society of the United States, Mass. Adv. Sh. (1936) 267, 269. See also DeCesare vs. Metropolitan Life Insurance Co., 278 Mass. 401 at 407. The plaintiff has failed to sustain this burden, for the trial judge in granting the defendant’s third request for ruling, which was in effect a request for a finding of fact, ruled that the evidence did not warrant a finding that the defendant ever accepted the application for a policy of insurance. If then there was no policy of insurance issued and if the application for insurance, which would constitute a contract of temporary insurance provided there was compliance with its terms, was never accepted and approved as was required, there was no other evidence upon which the court could base its findings. Where the general finding is “unequivocally inconsistent” with the special findings, it must be set aside. Duralith Corporation vs. Leonard, 274 Mass. 397, 401. Such is the case here.
The finding for the plaintiff is vacated and judgment is to be entered for the defendant.