MATTAR *v.* MOELLER.

5-1881

326 S. W. 2d 808

Opinion delivered May 25, 1959.

[Rehearing denied Sept. 7, 1959]

*Richard W. Hobbs,* for appellant.

*Sydney S. Taylor,* for appellee.

JIM JOHNSON, Associate Justice. This action was brought by appellee, George Moeller, against appellant, George Mattar, for recovery of a balance of money due under a promissory note on which appellee appeared as payee and appellant appeared as a joint maker.

The testimony is somewhat in conflict but the record reflects that appellee was a tourist in Hot Springs some twenty years ago when he wandered into one of the auction houses on Central Avenue and became acquainted with appellant who has been connected with these places since boyhood. During the normal course of the years appellee bought a considerable amount of goods from appellant and was entertained by him many times at his home. From this association apparently a warm friendship resulted.

Late one night in November 1954, while Moeller was socially visiting with Mattar attending an auction at Edwards Art Galleries, owned by A. Edward Harnik, Mattar asked Moeller to lend his friend Ed Harnik $5,000 and agreed to sign the note with him and guarantee the payment. Moeller loaned them $5,000 that night.

Harnik personally drew this note, dated November 9, 1954, and in it promised to pay Moeller $5,500. The wording of the note and due date is in some dispute and it was not introduced into evidence. Harnik said he drew it to pay 20 per cent. He and Mattar signed the note. Both Harnik and Mattar testified that they were familiar with usury and knew it was void. Mattar also drew and signed a paper he called a guarantee.

Nothing was ever paid on the this note. On May 9, 1955, a new note on a regular banking form was executed by Edwards Art Galleries, A. Edward Harnik, and George Mattar, in which they promised to pay George Moeller $5,000 ninety days after date with interest at 7 per cent after maturity. This note was given in lieu of the first note. After the execution of this note, Harnik and Mattar paid $2,732.81, which was duly credited on

same. This was the only payment ever made, although request by letters for additional payments was made to no avail. In April 1956, A. Edward Harnik and Edwards Art Galleries went into bankruptcy. The estate paid no dividends.

This suit was filed on the debt evidenced by the new note of May 9, 1955, for the balance due under the terms of said note, against George Mattar as co-maker. The case was tried before the court, both parties waiving a jury. The trial court found that there were two notes given; that the first note given was a usurious note, but that the plaintiff had sued upon the second note, this being given in lieu of the first note, and that the second note was a valid note. The court entered formal judgment against appellant Mattar on the 14th day of November 1958, for the total sum of $2,928.85, including that amount the court found to be due upon the principal, together with interest. From this judgment comes this appeal.

For reversal appellant relies upon the following three points:

1. That the lower court erred in holding that the defendant, by signing the second note, waived the defense of usury, and held, in effect, that by the giving of the second note, the first note, which was usurious upon its face, could not be considered in the suit on the second note. 2. That the testimony introduced in the lower court and admitted in the form of letters by the plaintiff, conclusively showed that the plaintiff, even after execution of the second note, was demanding payment under the terms of the original note. 3. That the judgment was contrary to the evidence and the law.

1. In considering the first point urged by appellant for reversal, we find that the rule laid down by this Court as early as 1896 in *Garvin* v. *Linton*, 62 Ark. 370, 35 S. W. 430, has not been changed. The material facts in that case are almost identical to those in the case at bar. In that case the Court said:

"If the debt be for money loaned and actually received by the debtor, there is an equitable and moral duty

to pay it, which while the law will give it no effect, may be made the consideration of a new promise. The parties can cancel and destroy the old contract, purge the consideration of usury, and make it the basis of a new obligation, and thereby bind the borrower, in law and equity, to pay the money actually received and a legal rate of interest.''

We have been unable to find anything presented in the instant case that would persuade us to deviate from this rule.

2. In considering the second point urged by appellant for reversal, a careful review of the record reveals that the defense of usury in the first note was first raised the morning of the trial; that Mr. Moeller was 82 years of age; that he was living in Tucson, Arizona, when he wrote the letters, and that he did not have with him the note sued upon, the same being in a bank in Chicago at the time he wrote the letters.

If he wrote for more money than was due because he did not have the note with him, he violated no law and did appellant no damage as appellant had shown no intention of paying anything further on the note.

Under the facts presented here, the most that can be said for the letters is that they would go to the credibility of the witness and his testimony to be considered, along with all other evidence, by the trial court who was sitting as a jury.

3. In considering the third point urged by appellant for reversal, we have from the earliest decisions followed the rule that findings of fact by the court sitting as a jury are as conclusive as the verdict of a jury, and will not be disturbed if there be evidence to support them. *Gulledge* v. *Howard,* 23 Ark. 61. Therefore, finding no reversible error in the record we conclude that there is substantial evidence to support the judgment of the trial court.

Affirmed.