Dove v. Ark. National Life Ins. Co.

5-3455          386 S. W. 2d 495

Opinion delivered February 8, 1965.

1034

*Martin, Dodds & Kidd,* By: *Lowber Hendricks, Jr.,* for appellant.

*McMillen, Teague & Bramhall,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal involves an action brought by appellant against appellee insurance company on a binder receipt issued when application was made for a policy.

On December 14, 1962, Jackie Ray John Holt, son of appellant, Mrs. Maxine Dove, made application to appellee insurance company for a policy of insurance on his life and naming the appellant as beneficiary. The first monthly premium of said policy, if issued, would have been $3.80; and applicant paid this amount to the soliciting agent. The germane portion of the application reads:

". . . if full payment of the first premium is made in cash with this aplication, in exchange for the company's printed receipt signed by an authorized agent of the company, then in that event any insurance granted hereunder *shall take effect as of the date of the approval of this application by the Company's authorized officers at its Home Office in Little Rock.*" (Emphasis supplied.)

The germane portion of the receipt reads:

"If full payment of the first premium is made in cash with the application and *if said application is approved* by authorized officers of Arkansas National Life Insurance Company, at its Home Office in Little Rock, Arkansas, then such insurance subject to the terms and

conditions of the policy issued, *shall take effect as of the date of such approval.*" (Emphasis supplied.)

On December 16, 1962, two days after the said application and receipt, Jackie Ray John Holt was killed in a traffic mishap. Appellant refused the tender of the $3.80 by appellee and filed this action for the face amount of the policy, plus penalty and attorneys' fees, claiming that the $3.80, along with the binder receipt and the application made an existing insurance contract. Denial was made by the appellee and trial in the Circuit Court without a jury[1] resulted in a finding and judgment for the appellee, from which appellant brings this appeal and urges two points:

"1. The contract prepared by the appellee is ambiguous and should be construed against the party preparing it.

"II. The receipt given to Jackie Ray John Holt by the appellee's agent in connection with the application for in appellee company constituted a binding contract of insurance which became effective at the time the premium was accepted and the receipt given."

## I.

As to appellant's first point, little need be said. The law is well settled that any ambiguity in a contract is to be construed against the party preparing it. We have applied this rule many times in insurance contracts. *Ross* v. *Equitable Life Assurance Society,* 237 Ark. 643, 375 S. W. 2d 222; *Union Life Ins. Co.* v. *Rhinehart,* 229 Ark. 388, 315 S. W. 2d 920. But, in the case at bar we find no ambiguity in the application or in the binder receipt issued by the appellee. This will be discussed in the second point. It is well here to quote again what was quoted in *National Life & Accident Ins. Co.* v. *Baker,* 234 Ark. 670, 354 S. W. 2d 1:

---

[1] It is well to remember that in such a trial the findings of the Circuit Court on any and all disputed factual issues have the force and effect of a jury verdict. *Gulledge* v. *Howard,* 23 Ark. 61; and *Mattar* v. *Moeller,* 230 Ark. 699, 326 S.W. 2d 808.

'But unless such an ambiguity or uncertainty exists there is no more room for construction of an insurance contract, legally and fairly entered into by the parties, than there is for construction of any other contract. "The court cannot make contracts for the patries, and it is its duty to enforce them as the parties have made them." '

## II.

For her second point the appellant insists that the receipt given to the applicant by the agent of the insurance company constituted *a binding contract of insurance which became effective at the time the premium was accepted and the receipt given;* in other words, the appellant insists that the binder receipt *created temporary insurance* from the time of the application for the policy was approved or disapproved.

Appellant cites and strongly relies on our case of *Union Life Ins. Co.* v. *Rhinehart,* 229 Ark. 388, 315 S. W. 2d 920. But the binder receipt issued in that case and the facts therein differ materially from the binder receipt and the facts in this case. The language of the binder receipt and the application are set out in the opinion in the Rhinehart case; and from such language it is clear that the binder receipt was temporary insurance. Here, the application and the binder receipt both clearly stated that the policy would not be in force until the application was approved. The application said if a policy was issued it " . . . shall take effect as of the date of the approval of this application by the company's authorized officers . . . "; and the binder receipt likewise specified: ". . . if said application is approved by the authorized officers . . . then such insurance . . . shall take effect as of the date of such approval." The quoted language is too clear to admit of any doubt. There was no insurance in effect until the application was approved; and the testimony herein clearly established that the application was never at any time approved by the authorized officers of the appellee insurance company.[2]

[2] The finding of the Trial Court was against the appellant on any dispute as to the facts on this issue.

The case at bar is governed by our holding in *Cooksey* v. *Mutual Life Ins. Co.*, 73 Ark. 117, 83 S. W. 317, wherein we said:

". . . the clause in the application and the receipt given by the solicitor, which are to be read together, stipulate expressly that the insurance shall become effective only when the 'application shall be approved and the policy duly signed by the secretary at the head office of the company and issued.' It constituted no agreement at all for preliminary or temporary insurance."

The holding in the Cooksey case was reaffirmed in *National Life & Accident Ins. Co.* v. *Baker*, 234 Ark. 670, 354 S. W. 2d 1. In the present case both sides refer to the annotation in 2 A.L.R. 2d 943, styled: "Temporary life, accident, or health insurance pending approval of application or issuance of policy." Of course, by suitable language there may be temporary insurance pending approvel of the application or issuance of the policy; but suitable language is necessary to provide for such temporary insurance and there is no such language in the case at bar. We call attention to the statement in Section 21 of the foregoing annotation, as found on page 994 and 995 of 8 A.L.R. 2d:

"Where a binding receipt is issued to the applicant making the obligation of the company conditional upon 'acceptance' or 'approval' by the company and as a further condition requires issuance, or even delivery, of the policy, the company is not bound before the happening of these events, but is bound if it is found that the policy was issued or delivered. *Kennedy* v. *Mutual Ben. L. Ins. Co.*, 205 F. 677; *Marks* v. *Hope Mut. L. Ins. Co.*, 117 Mass. 528; *Grier* v. *Mutual L. Ins. Co.*, 44 S.E. 28; *Long* v. *New York L. Ins. Co.*, 180 P. 479."

To the foregoing cases there may be added the case of *Reese* v. *American Life Ins. Co.*, 175 F. 2d 793.

The present case is not one wherein there was to be insurance pending approval of the application: rather, this is a case wherein both the application and the re-

ceipt clearly stated that there was no insurance *until approval of the application.* The facts here clearly show that there was no approval, since the death of the applicant occurred before any such action could reasonably have been taken. The Trial Court was correct in so holding and the judgment is affirmed.