**WYOMING FARM BUREAU MUTUAL INS. CO., a corp., Appellant,**

v.

**Curtis L. SMITH and Jamie L. Smith, Appellees.**

**No. 21561.**

United States Court of Appeals Ninth Circuit.

May 16, 1967.

Corette, Smith, Dean & Robischon (now Poore, McKenzie, Roth & Robischon), Butte, Mont., for appellant.

Wade Dahood, Knight & Dahood, Anaconda, Mont., for appellees.

Before POPE, BARNES and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

In this case the appellant Insurance Company brought suit in the court below seeking a declaratory judgment to the effect that no contract for fire insurance existed between itself and the appellee defendants at the time defendants' poultry house and contents were destroyed by fire. The defendants counterclaimed asserting that plaintiff had in fact insured them against loss by fire and asked for damages on account of the fire referred to. In the court below the defendants had judgment on their counterclaim in the sum of $17,934, the court holding that the loss by fire was in fact insured by the appellant. This appeal followed.

All of the facts in the case are set forth with great particularity in the opinion of the district court. Wyoming

---

Farm Bureau Mutual Ins. Co. v. Smith, et al., 259 F.Supp. 870, and it is therefore unnecessary to incorporate those facts in this opinion. The opinion sets forth the verdict of the jury to which certain issues were submitted and the opinion is stated to constitute the court's findings of fact and conclusions of law.

The appeal is based upon the fact that the Smiths made a written application for insurance on the 25th day of January, 1964, covering loss by fire on the poultry house, chickens and other contents. The written application recited that the insurance was to become effective on January 25, 1964, for a term of one year. The main thrust of the appeal is that above the signature of the applicant for the insurance was the following statement: "It is understood and agreed that the insurance herein applied for shall not be effective unless and until approved by the Company at its office in Laramie, Wyo." No formal policy was issued by the insurance company upon this application for, as disclosed by the district court's opinion, the head office of the company promptly rejected the application and returned it to the local agent who received it at his office on February 23, 1964. He made unsuccessful efforts to reach the Smiths on that date. The following day the poultry house and contents were destroyed by fire.

The import of the district court's decision is that the above quoted paragraph of the application reciting that the insurance shall not be effective unless and until approved by the company at its head office was made inapplicable or waived here by the action of the local agent in inserting in the application the recital that the term of the insurance applied for should begin on January 25, 1964. This conclusion of the court is based upon a finding which appears twice in its opinion. As will be noted from that opinion, the court, after re-

citing the requirement of approval at the home office, stated as follows: "Notwithstanding the above language the Company had given Everhard actual authority to fill in the 'Policy Term' provisions of the application exactly as he did fill them in." The same finding in substance was stated thereafter in the opinion as follows: "Everhard did have authority to take the application, and he did have authority to show the policy term on the application exactly as he did show it. Where an agent is authorized to use a form in the solicitation of business and is authorized to complete the form in a particular way, he has as a matter of law an implied authority to explain to the prospective customer the meaning of the writing."

Were it not for the findings just referred to the result here might well be otherwise. In that event the conclusions reached in Mofrad v. New York Life Ins. Co., 10 Cir., 206 F.2d 491, might be necessary here. In that case the court said (p. 493): "And if the intentions of the parties are clear from an examination of the contractual documents, this court will not rewrite the contract." In the case the application for insurance recited that "[T]he insurance hereby applied for shall not go into force unless and until the policy is delivered to and received by the Applicant." That provision was similar to the one quoted above in the application here involved to the effect that the insurance shall not be effective unless and until approved at the home office. For a case similar to the Mofrad case just referred to see Kennedy v. Mutual Benefit Life Ins. Co. of Newark, N. J., 205 F. 677, (D.C.Mont.).

But the findings of the court quoted above must be accepted by us on this appeal because the record before us is limited to those findings. We do not have available to us the evidence received by the trial court.[1] It is not incumbent

1. See Stephens v. Arrow Lumber Co., 9 Cir., 354 F.2d 732, 734: "The trial transcript is not before this court, nor are all the exhibits introduced at the trial. In these circumstances this court is in no position to say that the finding is so unsupported by the evidence as to be clearly erroneous."

upon us to speculate as to what the evidence may have been before the trial court on which the court based its findings. It may well have appeared that the local agent who took the application had received, filled out and sent in many similar applications; and as a common and usual practice had inserted therein the beginning date of insurance carriage, and in all such cases the company had accepted those dates as binding upon it. The Montana statutes provide that an agent's authority may be measured by what is usually done in the ordinary course of business.[2] Some one authorized to represent the company may have testified that the agent was expected to fill in and supply the date for commencement of insurance contracts of this character.

When we accept the findings of the trial court on this point of the agent's authority to insert these dates, we find that the case bears a close resemblance to Mayfield v. Montana Life Insurance Company, 62 Mont. 535, 205 P. 669. In that case Mayfield applied to the local agent of the insurance company for a policy of life insurance. He paid the agent the first premium and received a receipt on which was printed a provision that "The insurance applied for by the terms of this receipt shall take effect upon the date of approval of same at the home office of the company * * *." The agent was informed that Mayfield needed the insurance at once because of the contemplated trip he was taking. After the applicant had passed the required physical examination the agent told him that the insurance company would be obligated to pay the face of the policy "from that date". The insured died within a few days thereafter, and before the home office had approved or issued the policy. The insured's widow, who was the beneficiary named, brought suit on the policy. The court said (page 545, 205 P. page 672): "The complaint further shows that these representations were made to Mayfield at the time he paid his first annual premium and took his medical examination and were believed in and relied upon by him. We hold that under these allegations the general agent, Gutch, was clothed, *prima facie*, with the ostensible authority to, and did, waive the conditions of the receipt issued to Mayfield, and that his agreement that the insurance should be in force from the date of its issuance was binding upon the company * * * and therefore that the complaint states a cause of action." The court held that under the law of Montana an oral contract of insurance would be valid.

In view of the findings above quoted and since we are without means to inquire whether those findings are erroneous or supported by the evidence received by the court, we think we have a case here which is governed by the rule in Mayfield v. Montana Life Insurance Company, supra.[3]

The decision in Mayfield was based upon the allegations of the plaintiff's complaint and emphasis was placed by the court upon the fact that the complaint alleged that the agent was a general agent of the insurance company. In citing the Mayfield case, the trial court in its opinion expressed some doubt as to whether the agent in the present case was a general agent, but the court had no doubt that he had the authority referred to in the findings. In our view, in the matter of fixing the date of the commencement of the insurance coverage, this agent was undoubtedly a general agent.[4]

---

2. Rev.Codes Mont.1947 § 2–126: "*Agent's necessary authority.* An agent has authority: 1. To do everything necessary and proper and usual, in the ordinary course of business, for effecting the purpose of his agency; * * *."

3. It will be noted that this case was cited in the opinion of the trial judge indicating that the agent here had sufficient authority to waive the application of the clause relating to approval at the home office.

4. See the discussion of what constitutes a general agent in Restatement of Law of Agency, Second, § 3. As there noted "Continuity of service rather than the

■ We hold that based upon the findings previously referred to herein, the trial court correctly concluded that the agent had authority to waive the home office's approval clause; that he did so, and that the loss suffered by the Smiths by the fire was covered by the insurance contract. For the reasons stated in the decision of the district court the judgment is affirmed.

extent of discretion or responsibility is the hall-mark of the general agent. * * * One who is an integral part of a business continuously and does not require fresh authorization for each transaction is a general agent."