ALEXANDER et al., Plaintiff, v.
STATE OF SOUTH DAKOTA, Defendant.

(48 N. W.2d 830)

(File No. 9215. Opinion filed July 17, 1951)

Smith, McLean & Peterson, Mankato, Minn., Temmey & Luby, Huron, for Plaintiffs.

Ralph A. Dunham, Atty. Gen., William J. Flittie, Asst. Atty. Gen., for Defendant.

RUDOLPH, P. J. This action against the State of South Dakota was started originally in this court under the provisions of SDC 33.0604. The complaint alleges in substance that the plaintiffs entered into a contract with the State of South Dakota for the construction of approximately 17 miles of highway in this state; that plaintiff performed the work contracted for under the supervision of the State Highway Department and the work was accepted by the Department; that there is a balance due to plaintiff under the contract of $14,953.82 and that a claim therefor has been filed with the State Auditor and disallowed; that there is in the

State Treasury funds appropriated for and available for the payment of plaintiffs' claim. The state has moved to dismiss plaintiffs' complaint for the reason that the complaint on its face discloses that the action is for a breach of contract and that the state cannot be subjected to this type of action.

The state relies upon the following cases: Sigwald v. State, 50 S. D. 37, 208 N. W. 162; Kansas City Bridge Co. v. State of South Dakota, 61 S.D. 580, 250 N.W. 343; Griffis v. State, 68 S. D. 360, 2 N.W.2d 666; Griffis v. State, 69 S. D. 439, 11 N.W.2d 138.

██ It is contended that the rejection of the claim by the State Auditor constituted a breach of the contract; that the action, therefore, is to recover damages for the breach and that the complaint should be dismissed under the rule of the cited cases. It may be conceded that this action is for a breach of contract but we believe it clear from a reading of the above cited cases that the rule therein announced was not intended to, and does not deny a recovery in this case if the facts alleged are established. In the Kansas City Bridge Co. case and the first Griffis case this court specifically held that a complaint alleging work performed in compliance with the contract and simply a failure to pay on behalf of the state invoked the jurisdiction of the court, and stated a cause of action. Although not expressly stated, it is apparent that the reason underlying such holding is that the appropriation of the state highway fund for purposes "only in the laying out, marking, constructing, reconstructing, or maintaining public highways forming the Trunk Highway System" SDC 28.0212, is a specific appropriation for payment for highway work that has been completed according to the terms of a contract. While the action to recover for such work where payment has been refused may be for breach of contract, all that is sought in such action is to recover the contract price for work which has been fully performed. We have no hesitation in holding that monies in the state highway fund are specifically appropriated to pay for work fully performed under the terms of a highway construction contract whether such payment is

voluntary or results from a judgment being entered against the state.

The motion to dismiss the complaint is denied.

All the Judges concur.