CITY NATIONAL BANK OF LINCOLN, Appellant, v. O'LEARY, Respondent.

(190 N. W. 1016.)

(File No. 5226.   Opinion filed December 12, 1922.)

1. **Bills and Notes—Note Drawn to Maker's Order Not Binding Till Indorsed by Him.**

    By Rev. Code 1919, Sec. 1886, a note drawn to the maker's own order, is not complete and is not binding until indorsed by him on the back.

2. **Bills and Notes—Instructions—Trial—Negotiable Instruments—Issue of Forgery Held Properly Submitted.**

    Issue of forgery of indorsement of maker's name on back of notes held properly submitted by instructions.

3. **Evidence—Expert Testimony—Handwriting—Bills and Notes—Handwriting Experts' Opinion Not Conclusive on Jury.**

    Where defense to action on notes was an alleged forgery of defendant's name on the back thereof, the fact that handwriting experts testified that they believed that defendant's name, where it appears on the back of the notes, was written by the same person that signed them on the face, was not conclusive.

Appeal from Circuit Court, Moody County; Hon. L. L. FLEEGER, Judge.

Action by City National Bank of Lincoln against James O'Leary. From judgment for defendant and from order denying plaintiff's motion for new trial, plaintiff appeals. Affirmed.

*Frederick A. Warren,* of Flandreau, *Stewart, Perry & Stewart,* of Lincoln, Neb., and *Bates, Johnson & Simons,* of Sioux Falls, for Appellant.

*Rice & Rice,* of Flandreau, for Respondent.

(1) To point one of the opinion, Appellant cited: Union Brewing Co. v. Interstate Bank & Trust Co. (Ill.), 88 N. E. 997.

Respondent cited: Edleman v. Rams, 109 N. Y. Supp. 816-817; Market v. Ettenson (Mo.), 158 S. W. 448; Peninsular Savings Bank v. Hosie (Mich.), 70 N. W. 890.

POLLEY, J. This action is brought to recover on two promissory notes. The notes are exactly alike, except as to the date when payable, and are in the following form:

"$500.00                              Flandreau, S. Dak.,
                                          "January 30, 1920.

"On or before Sept. 15, 1920, after date, I promise to pay to the order of myself, James O'Leary, five hundred no-100 dollars, with interest at 6 per cent per annum from date until paid, without defalcation and for value received.

"Date due Sept. 5, 1920.

"Payable at Flandreau, So. Dak.

                                          "James O'Leary.

"The maker must indorse on the back hereof."

Defendant admits that he signed these notes and delivered them to one Chesterman, but alleges that he signed them upon certain representations made by Chesterman, and with the understanding that the notes were not to be binding upon defendant, until certain conditions had been performed by Chesterman, nor until the notes had been returned to defendant and indorsed by him on the back. Defendant then alleges, as a defense to the action, that the representations made by Chesterman, and by which the defendant was induced to sign and deliver the notes, were false; that the conditions to be performed by him had never been performed; that the notes had never been returned to, nor indorsed by, defendant, and for that reason they never became binding upon him.

Defendant's name was placed on the back of the notes by some one. They were then negotiated, and, after passing through various hands, came into the possession of plaintiff under conditions that make plaintiff a holder in due course. Chesterman testified positively that defendant indorsed his name on the back of the notes in Chesterman's presence, and before they were delivered to him. Defendant testified positively that he did not indorse his name on the back of the notes, but that his name thereon had been forged by some person after the notes left his hands. Verdict and judgment were for defendant, and plaintiff appeals.

It is the contention of appellant: First, that the notes were binding upon the defendant without his indorseemnt on the back, and that plaintiff, being a holder in due course, is entitled to a recovery, notwithstanding the fact that defendant may not have indorsed the notes. Appellant's second contention is that the evidence is not sufficient to support the verdict.

[1] Appellant's first contention is fully disposed of by our statute. Section 1886, Revised Code 1919, reads as follows:

"A negotiable promissory note within the meaning of this part is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer. Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

Under the provisions of this statute the notes were not complete and were not binding upon the maker until indorsed by him on the back.

[2] Upon the question of the evidence in support of the verdict the trial court instructed the jury as follows:

"If you find in this case that the defendant, O'Leary, signed these two notes and signed his name on the back of each of them, and then delivered them to this motor company, then your verdict should be for the plaintiff for the face of these notes and interest to date as called for in the notes.

"On the other hand, gentlemen, if you find from the evidence that the defendant, O'Leary, did not sign his name on the back of these notes, that his name on the back of these two notes is a forgery, written by somebody else without his authority, then your verdict in this case should be for the defendant."

This instruction fairly submitted the question at issue, and the finding of the jury is conclusive upon the court.

[3]    The notes were in evidence, and the jury had an opportunity to compare the defendant's signatures on the face of the notes, that were conceded to be genuine, with the name of the defendant on the back of the notes, which were claimed to be forgeries. The fact that one or more handwriting experts testified that they believed that defendant's name, where it appears on the back of the notes, was written by the same person that signed them on the face, was not conclusive nor binding on the jury.

The judgment and order appealed from are affirmed.

Note—Reported in 190 N. W. 1016. See American Key-Numbered Digest, (1) Bills and Notes, Key-No. 179, 8 C. J. Sec. 301; (2) Bills and Notes, Key-No. 538 (5), 26 C. J. Sec. 153; (3) Evidence, Key-No. 573, 22 C. J. Secs. 823 and 825.

On conclusiveness of expert testimony as to handwriting, see notes 42 L. R. A. 771; 62 L. R. A. 871; 64 L. R. A. 317 and L. R. A. 1918D, 655.