IN RE ESTATE OF GRAVES

(144 N.W.2d 35)

(File No. 10239. Opinion filed July 13, 1966)

**Morgan & Fuller,** Mitchell, for proponents and appellants.

**Tinan, Carlson & Padrnos,** Mitchell, for contestants and respondents.

RENTTO, Presiding Judge.

The question involved in this appeal is whether a handwritten document consisting of five pages is the last will and testament of Mary Ethelyn Graves. It was admitted to probate by the County Court of Davison County over the objection of several of her heirs at law that it was not a valid olographic will. The contestants appealed to the circuit court on questions of both law and fact. That court held that it was not entitled to probate and set aside the order of the county court and remanded the matter for further proceedings. The proponents appeal from such judgment.

The writing in question was prepared on May 3, 1959 and the decedent signed it on June 30, 1959 before a notary public who witnessed her signature. She died on December 25, 1961 at the age of 85 years. She had lived in the Mitchell area for a long time and during her active years had been a school teacher and county superintendent of schools. Her later years were spent in retirement. Apparently all of her heirs at law and the devisees and legatees named in the document are her nephews, nieces, grandnephews and grandnieces.

 When the instrument was offered for probate the contestants urged that it should be denied probate on the ground that it was not entirely in her handwriting. Specifically they urged that the second page thereof, which is its only unnumbered page, and the word "living" in the first line of page three, and the word "borrowed" in the last paragraph on page four are not in her handwriting and were not substituted or inserted with testamentary intent on her part. Throughout the record these three instances are referred to as "alterations" in the instrument. They also urged that the substituted second page was a codicil and as such it should have been separately dated and signed to be effective.

Concerning wills of this type SDC 56.0209 states that:

"An olographic will is one that is entirely written, dated, and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

From this it necessarily follows that the instrument in question should not be admitted to probate unless each and every part thereof is in the handwriting of the testatrix. Insistence on this requirement tends to insure the integrity of such wills. Of course if someone unknown to the testatrix and without her authority had marked up her will, said instrument as originally executed by her and with such alterations deleted would be entitled to probate. In re Towle's Estate, 14 Cal.2d 261, 93 P.2d 555, 124 A.L.R. 624.

During the last four or five years of her life decedent had been assisted in caring for her business affairs by Ethel Rowley, one of her nieces. She had a safe deposit box in one of the Mitchell banks which was held jointly in her name and that of this niece. Under such arrangement Mrs. Rowley had independent access to the box which she exercised on numerous occasions. She drove the decedent to the bank on June 30, 1959 when a notary witnessed her signature on the instrument after which testatrix placed it in her safe deposit box. In October, 1959 she suffered a stroke which disabled her to the extent that she was unable to write and this continued to the time of her death. On the first business day after decedent's death on December 25, 1961, Mrs. Rowley went to the bank, before its officials had learned of the death, and removed all of the contents of the box which she took to her lawyer and cancelled the lease of the box.

The first paragraph on page three of the will originally provided:

"One-fifth (1/5) to the issue of my sister, Cora Blunt, Deceased to be equally divided among them: Arnum Blunt, Lynn Blunt, Ethel Rowley, Berl Lord".

In the instrument offered for probate this paragraph had been altered by inserting the word "living" before the word "issue" in the first line of that paragraph. To appreciate the significance of this change it must be noted that two of the beneficiaries named therein predeceased the testatrix. Lynn Blunt died in August 1959 and Arnum Blunt in November 1961 and each of them left four surviving children.

The evidence was presented to the circuit court by transcripts of the testimony taken in the county court trial, the deposition of an examiner of questioned documents from Omaha, Nebraska, additional testimony given by Mrs. Rowley as an adverse witness, and two witnesses for the contestants. There was no proof that anyone saw the decedent write the alterations. Three lay witnesses, including one banker, testified that the instrument including the alterations was in her handwriting. The examiner of questioned documents was of the same view. Four lay witnesses, including two bankers, said that the alterations were not in her handwriting. The circuit court agreed with the latter view.

On this issue it found as follows in its Finding of Fact XI:

"The Court is fully satisfied from the evidence, the demeanor of Mrs. Rowley on the witness stand, and from a careful inspection of the Will and the provisions thereof, that the second page of the Will, which is not numbered as are the other pages of the Will, but inserted apparently in place of the original second page, together with the word 'living' inserted in the first line of Page 3, and the word 'borrowed' inserted in the last paragraph on Page 4, were written and inserted subsequent to the signing of the Will by the testatrix, and at least after the death of Lynn Blunt in August 1959; that it is apparent to the Court, even from a casual inspection of the Will, in view of the age and physical condition of the testatrix and the skill with which she had written the other portions of the Will, Page 2 was written by either Mrs. Rowley or someone else much younger than the testatrix, with less skill, and in a bolder handwriting than that of

the testatrix, some time at least prior to the death of the testatrix."

The proponents claim in effect that the evidence preponderates against this finding. The thrust of their argument is that the court erred in not accepting the testimony of the examiner of questioned documents. We do not share that view.

■ The purpose of this expert's testimony is to assist the fact finder, not to take over his function. In City National Bank of Lincoln v. O'Leary, 46 S.D. 101, 190 N.W. 1016, this court said that the testimony of a handwriting expert was not conclusive nor binding on the trier of the facts. To the same effect is the observation of the author of the annotation in 6 A.L.R. at page 508 where he states "Hence there is, and can be, no rule that the conclusion which the data supplied by the expert tend to establish is to be preferred to the conclusion to which other evidence in the case points, or vice versa". See also 12 A.L.R. 212 and 27 A.L.R. 319. Whether the alterations in this writing were in the handwriting of the testatrix was for the trial court to determine.

■■ The general rule is that we may disturb the trial court's finding only if the evidence preponderates against its determination. This rule has been held to apply to the issue of handwriting involving an olographic will. Myron v. Frost, 53 S.D. 70, 220 N.W. 149. It is operative even though the court's finding is contrary to the evidence of a handwriting expert. City National Bank of Lincoln v. O'Leary, supra. On this record we cannot say that the court's determination is clearly wrong.

■ After the county court trial the contestants submitted the instrument in question and some specimens of standard handwriting of the decedent to a handwriting expert in Denver, Colorado. He reported to them by letter that all five sheets thereof were not written at one time, but that they were all in her handwriting. In the circuit court trial the contestants offered this letter in evidence. Over proper objections by the proponents it was received "subject to objection".

While it is obvious from the court's holding and apparent from the record that the trial court disregarded this improper evidence, the proponents claim that by the introduction of such exhibit the contestants changed their theory and abandoned the claim that it was not in the handwriting of the testatrix. This is without merit.

■ ■ The testimony introduced in the county court trial that the alterations were not in the decedent's handwriting was before the circuit court in the transcripts of the county court proceedings. Moreover, the writing in question was there for examination by the court. Adverse testimony on a material issue by a party's witness will not defeat his claim if his case is established by other competent evidence. Wigmore on Evidence, 3rd Ed., § 896 and § 897; 32A C.J.S. Evidence § 1040(1). See also Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337. Such adverse evidence does not bind the fact finder whose duty it is to determine the truth on all the evidence.

Accordingly, we need not consider the other ground of the objection urged by the contestants.

The judgment appealed from is affirmed.

ROBERTS, HANSON and HOMEYER, JJ., concur.

BIEGELMEIER, J., dissents.