HUGHES, Plaintiff, v. REEVES, as State Auditor, Defendant.

(189 N. W. 307.)

(File No. 5165.   Opinion filed July 17, 1922.)

Fees and Salaries—Circuit Judge's Extra-court Expenses, Appropriation for—"Money in State Treasury Not Otherwise Appropriated," as Lacking Limitation—Constitution—Statutes.

Under Sec. 5184, Code 1919, as amended by Chap. 180, Laws 1921, purporting to authorize trial judges to act in circuits other than that in which they are elected, etc., and providing that a judge acting in another than his own circuit under said provision shall be entitled to his necessary expenses in performance of such duty, "to be audited and paid out of any money in the State Treasury not otherwise appropriated"; Sec. 6942 providing that money shall be paid from State Treasury only upon the auditor's warrant, and each warrant shall specify upon what fund or from what state appropriation such warrant is paid, providing, etc.; and Sec. 5343, requiring State Auditor to make and keep in his office separate accounts with each appropriation made by the Legislature, etc., showing debits and credits of each separate fund or appropriation, etc., and Const., Art. 11, Sec. 9, providing that no warrant shall be drawn upon State Treasurer except in pursuance of an appropriation for the specific purpose first made; and Art. 12, Sec. 1, providing that no money shall be paid out of the Treasury except upon appropriation by law and on warrant drawn by the proper officer; held, that said appropriation is not a valid one for payment of a claim of plaintiff circuit judge, under a claim for such expenses so incurred; since the provision in Sec. 5184 as amended contains limitation of the

amount intended to be appropriated for the specific purpose; such limitation being essential matter to be determined by some expression of legislative will, Longstaff v. Anderson, 33 S. D. 574, distinguished; that an appropriation act containing no limitation, neither expressed in amount nor by necessary implication forming limited sum is unconstitutional and invalid, and plaintiff's application for writ of mandamus against defendant State Auditor, to compel issuance of warrant for payment of said expenses, is denied.

Original proceeding in mandamus, by John F. Hughes, a circuit judge, against Jay Reeves, as State Auditor of the State of South Dakota, to compel defendant to issue a warrant on the State Treasury for payment of necessary expenses incurred by plaintiff in holding terms of court in circuits other than his own. Writ denied.

*Byron S. Payne,* Attorney General, for Plaintiff.
*Martens & Goldsmith,* for Defendant.

SMITH, J.   Plaintiff, a circuit judge, brings proceedings in mandamus against defendant as state auditor, to compel the issuance of a warrant on the state treasury for payment of necessary expenses incurred by him in holding terms of court in circuits other than his own, under authority of section 5184, Revised Code 1919, as amended by chapter 180, Laws 1921. By this section as amended, circuit judges are authorized to act in circuits other than the one in which they have been elected, at the request of or by agreement with the judge of such other circuit, and the Supreme Court or presiding judge thereof is authorized to require a circuit judge to perform such duties, and provides that:

"Any judge acting in any circuit other than his own under the provisions of this section shall be entitled to his necessary expenses in the performance of such duty, to be audited and paid out of any money in the state treasury not otherwise appropriated."

Section 9, article 11, of the state Constitution provides that: " * * * No warrant shall be drawn upon the state treasurer except in pursuance of an appropriation for the specific purpose first made. The legislature shall provide by suitable enactment for carrying this section into effect."

Section 1, article 12, Constitution, also declares that:
"No money shall be paid out of the treasury except upon

appropriation by law and on warrant. drawn by the proper officer."

Pursuant to the requirement of section 9, supra, the Legislature enacted article 3, Rev. Code 1919 (§§ 6934-6945), relating to state funds. Section 6942 of that chapter provides that:

"Money shall be paid from the state treasury only upon the auditor's warrant, and each warrant shall specify upon what fund or from what appropriation such warrant is to be paid: Provided," etc. (Not material here.)

Also chapter 3, prescribing the duties of the state auditor and chapter 4 prescribing the duties of the state treasurer (sections 5342-5352, Rev. Code 1919) section 5344 requires that:

"The state auditor shall make and keep in his office in suitable books * * * separate accounts with each appropriation made by the Legislature, each fund arising from the sale of bonds and each current or permanent fund created by law, showing debits and credits of each separate fund or appropriation, by giving such fund credit for the full amount appropriated by law, and by charging it with the amounts drawn against it from time to time," etc.

It is the contention of the state auditor that under these constitutional provisions and the legislative enactments interpretive thereof chapter 180, Laws 1921, is not a valid appropriation for payment of plaintiff's claim. The precise point urged is that section 5184, as amended, which provides that such expenses are to be "audited and paid out of any money in the state treasury not otherwise appropriated," contains no limitation of the amount intended to be appropriated for the specific purpose, and that such limitation is an essential matter, which must be determined by some expression of the legislative will.

Plaintiff relies chiefly upon the decision of this court in Longstaff v. Anderson, 33 S. D. 574, 146 N. W. 703. A careful consideration of the facts and the reasoning in that case convinces us that it is not decisive of the precise question before us. In that case, while the language of the appropriation act was, in substance, like that in the present case, each appropriation referred to moneys collected and placed in special funds, and the appropriations were expressly limited to the amounts which could be collected and placed in such funds under existing laws. In that

case we held that the appropriation act itself, limiting the appropriation to the amount coming into each fund, clearly expressed the legislative will, and that such appropriation was valid under the Constitution. Furthermore, the distinction between that case and the one before us was pointed out when we said:

"The case before us is quite different in its facts from State v. Eggers, supra, 16 L. R. A. (N. S.) 630, where the * * * appropriation was from the general funds and, so far as the act was concerned, would permit of all the revenues of the state being used for the purposes mentioned in the act."

Quoting with approval from the decision in People v. Miner, 46 Ill. 385, we also said:

"There is no force in the objection that the appropriation is for no certain amount * * * We see nothing contrary to the Constitution in such an enactment, however injudicious and ill advised it might be. But this we do not deem as in any way maintaining the unconstitutionality of this act. It is not essential or vital to an appropriation that it should be of an amount certainly ascertained prior to the appropriation. There is no requirement of that kind in the Constitution."

But we are clearly of the view that an appropriation act which contains no limitation, neither expressed in amount nor by necessary implication from a limited fund, is unconstitutional and invalid. We are satisfied that the reasoning of the court in Davis v. Eggers, 29 Nev. 469, 91 Pac. 819, 16 L. R. A. (N. S.) 630, is sound, and that the rule there announced should be deemed controlling in this case. In that case the court said:

"As all appropriations must be within the legislative will, it is essential to have the amount of the appropriation, or the maximum sum from which the expenses could be paid, stated. This legislative power cannot be delegated nor left to the recipient to command from the state treasury sums to any unlimited amount for which he might file claims.

"True, the exact amount of these expenses cannot be ascertained nor fixed by the Legislature when they have not yet been incurred, but it is usual and necessary to fix a maximum either in the general appropriation bill or in the act authorizing them, specifying the amount above which they cannot be allowed."

Nothing contained in that decision is in conflict with the

holding of this court in State ex rel. Longstaff v. Anderson, supra. As this view is decisive of this case, it is unnecessary to consider other questions suggested in defendant's argument and brief.

The writ must be denied and this proceeding dismissed. It will be so ordered.

ANDERSON, J., took no part in this decision.