On right of counsel assigned to defend indigent person, to compensation from public, in absence of statute, see note in 36 L. R. A. (N. S.) 377.

## In re OPINION OF THE JUDGES.

### (203 N. W. 462.)

(Opinion filed April 20, 1925.)

**1.  States—Appropriations—Appropriation to Be Valid Must Either Be Limited in Amount or Drawn from Limited Fund.**

Appropriation to be valid must either be limited in amount or drawn from limited fund.

**2.  States—Rural Credits—Interim Commission—Section of Statute Pertaining to Interim Commission to Investigate and Audit Rural Credit Department Held Valid Appropriation for Payment of Salaries.**

Laws 1925, c. 267, Sec. 4, pertaining to Interim Commission to investigate and audit the Rural Credit Department, held valid appropriation within Const., Art. 11, Sec. 9, and Art. 12, Sec. 1, for payment of salaries of appointive member of commission, and salaries and expenses of employees required by commission, in view of specific direction for the payment of such expenses out of rural credit funds.

**3.  States—Interim Commission—Residue of Appropriations to Rural Credit Department, and Funds Under Control of Rural Credit Board, Excepting Those Raised by Tax Commission Levy, May Be Used to Pay Expenses of Interim Commission.**

Residue of appropriations to the Rural Credit Department under Laws 1917, c. 333, Sec. 26, and Laws 1919, c. 47, and proceeds from the sale of bonds, and funds under the control of the rural credit board, excepting funds raised by the tax commission levy, may be used to pay expenses of the Interim Commission incurred pursuant to Laws 1925, c. 267, creating such commission to investigate and audit Rural Credit Department, in view of Rev. Code 1919, Sec. 10162, as amended by Laws 1919, c. 304.

Opinion of the Judges in response to request of Carl Gunderson, as Governor, for answers to questions relative to Laws 1925, c. 267. Questions answered.

To His Excellency, Carl Gunderson, Governor of the State of South Dakota—Sir:

On April 9, 1925, you presented to the Judges of the Supreme Court the following communication:

"To the Honorable Judges of the Supreme Court, State of South Dakota—Gentlemen: I desire to ask your opinion upon the important questions of law involved in the exercise of my executive powers as Governor of the State of South Dakota with reference to Senate Bill 74, passed at the regular session of the Nineteenth Legislature of the State of South Dakota, and approved March 10, 1925.

" 'Senate Bill 74. *Providing for Investigating Commission.*— An act entitled, an act to provide for an Interim Commission consisting of the Governor, the superintendent of banks, and one member to be appointed by the Governor, for the purpose of investigating and auditing the rural credit department; authorizing the Governor to fix the compensation of such appointive member; to employ clerical and expert assistance and to fix their salaries, and declaring an emergency.'

"Section 4 of Senate Bill 74, relating to the compensation to be paid to the appointive member of the Interim Commission, and providing for the payment of the salaries and expenses of the employees and assistants of such Commission, is as follows:

" 'Section 4. *Employees and Assistants.*—The Commission shall have power to employ all clerical and expert assistance requisite and necessary for the efficient performance of the duties hereinbefore specified; the salaries of persons so employed shall be fixed by said Commission and all salaries and expenses of conducting said investigation and audit, including the compensation of the appointive member of the Commisson, shall be paid out of rural credit funds.'

"The questions which I desire to have answered by your honorable body with reference to my powers under this act are as follows:

"1. Is there an appropriation in Senate Bill 74 for the payment of the salary of the appointive member, and the salaries and expenses of such employees and assistants as the Interim Commission may require?

"2. Did the Legislature have the power to legally authorize the payment out of rural credit funds of the compensation to be

paid to the appointive member of the Interim Commission, and also authorize the payment, out of rural credit funds, of the salaries of persons employed by the commission and the salaries and expenses of conducting their investigation and audit of the Rural Credit Department?

"For your information I will say that there is at the present time a credit of $240,000.00 in the hands of the State Treasurer representing the unexpended balance remaining from the original $300,000.00 appropriated for the expenses of the rural credit board of the Fifteenth and Sixteenth Sessions of the Legislature in 1917 and 1919. There is also an undetermined balance in the rural credit reserve fund, which is provided for by section 17 of chapter 333 of the Session Laws of 1917, as amended by section 2 of chapter 58 of the Special Laws of 1918.

"Respectfully,

"Carl Gunderson, Governor."

The act you refer to as Senate Bill 74 is chapter 267 of the Laws of 1925. That act authorizes you to appoint the third member of said Interim Commission and also to fix his compensation. In so acting you will be exercising your executive powers, and therefore, before having so acted, you are entitled under the provisions of Const., art. 5, § 13, to ask for an advisory opinion of the Judges of the Supreme Court thereon. In acting as a member of the Interim Commission, you would not be exercising your executive powers, and from that viewpoint you would not be entitled to ask for an advisory opinion. In answering your request we therefore assume that the Interim Commission has not yet been organized by the appointment of the appointive member and that you have not yet fixed the compensation of such appointive member.

[1, 2] The first question, shortly stated, is whether section 4 of the act constitutes a valid appropriation. We think it does. Such an appropriation was held in State ex rel Longstaff v. Anderson, 33 S. D. 574, 146 N. W. 703, not to violate either the provisions of Const., art. 11, § 9, or of Const., art. 12, § 1. Reference is made to that opinion for further particulars. On the other hand, in Hughes v. Reeves, 45 S. D. 538, 189 N. W. 307, we held an appropriation to be invalid because it contained no limi-

tation, either expressed in amount, or by necessary implication from a limited fund. In other words, an appropriation, to be valid, must either be limited in amount or drawn from a limited fund. But here the gates of the treasury are not left wide open. Here the specific direction is that the expenses are to be paid out of "rural credit funds." This constitutes a limitation within the meaning of the decision in Hughes v. Reeves, supra, and therefore makes the appropriation valid. The appropriation in question is the same in principle as those challenged in State ex rel Longstaff v. Anderson, supra, about which this court said:

"It seems clear that though it may be an unwise policy that has been pursued by the Legislature in placing in the hands of the executive officers of the state the expenditure of money unlimited in amount except as limited by the amount of the fund provided for, yet, if such legislation is unwise, the remedy must be sought from the Legislature itself or else through such amendments to the fundamental law as will restrict the legislative power."

[3] The second question raises more of a doubt in our minds, and in order to understand the situation we must ascertain what sums constitute "rural credit funds." The first sum that constituted a portion of such funds was the appropriation of $200,000 contained in section 26, c. 333, Laws 1917. Another sum that constituted a portion of such funds was the appropriation of $100,000 made by chapter 47, Laws 1919. Inasmuch as you state that there still remains unexpended the sum of $240,000 in those two appropriations, it is clear that if the Legislature of 1925 had designated in the act in question that the expenses of the Interim Commission should be paid out of the residue remaining in the two above-named appropriations, there could be no question as to its right to so designate the use of such residue. But the appropriation in question is not specifically allocated to any particular part of rural' credit funds. Unless there is something to prevent it, the Interim Commission expenses may be paid out of any rural credit moneys. So far as we are aware, the only other source of rural credit funds is primarily the money received from the sale of state bonds authorized by the Rural Credits Act. Secondarily, the sums received on the principal and interest of loans made by the board constitute a part of the rural credit funds, but those sums are represented in the first instance by the proceeds of the

sale of bonds. The question then fundamentally is: May the proceeds of the sale of such bonds be appropriated by the Legislature to pay the expenses of the operation of the Interim Commission? A careful study of the Rural Credits Act fails to reveal any legislative intent either that the proceeds of the sale of such bonds or the money received from the principal and interest of loans shall constitute a trust fund to be used solely for the repayment of bonds. On the contrary, it appears from section 10162, Rev. Code 1919, both in its original form and as amended by chapter 304, Laws 1919, that the whole credit of the state is back of such bonds. Furthermore, the Tax Commission is directed to levy a tax when it is advised that there is a deficiency in the sum needed to pay the principal or interest of the bonds when due. These provisions clearly negative the idea that a trust is imposed upon any rural credit funds for the repayment of such bonds or interest, other than upon the funds to be raised by the Tax Commission levy above referred to.

In saying that there is no trust imposed upon rural credit funds for the repayment of bonds, we wish it understood that we are merely referring to inhibitions made by the Legislature upon itself. So far as the rural credit board and its officers are concerned, rural credit funds are trust funds to be administered according to the legislative will.

We are therefore of the opinion that not only may the residue in the two appropriations above referred to be used for the payment of the expenses of the Interim Commission, but also that any funds under the control of the rural credit board may be so used except the funds that may be raised by the said Tax Commission levy. No other points of attack upon the appropriation in question occur to us.

Our answer therefore is "Yes," to each question.

Dated, Pierre, S. D., April 20, 1925.

Respectfully submitted,<br>
SAMUEL C. POLLEY,<br>
JOHN HOWARD GATES,<br>
C. G. SHERWOOD,<br>
C. H. DILLON,<br>
DWIGHT CAMPBELL,<br>
Judges of the Supreme Court.