GRIFFIS, et al, Plaintiffs, v. STATE, Defendant

(2 N. W.2d 666.)

(File No. 8401. Opinion filed March 4, 1942.)

**Wilson & Blethen,** of Mankato, Minn., and **Lewis W. Bicknell,** of Webster, for Plaintiffs.

**Leo A. Temmey,** Atty. Gen., and **Ray F. Drewry,** Asst. Atty. Gen., for Defendant.

ROBERTS, J. Plaintiffs upon the refusal of the State Auditor to allow a claim presented by them instituted this action against the state, pursuant to the provisions of SDC 33.0604. The claim referred to included the following items:

"(1) Increased labor costs by reason of breach of contract of state highway commission of South Dakota in forcing riprapping job to go on during winter months, $7885.22

"(2) Increased trucking expense through breach of contract on part of state highway commission of South Dakota in forcing riprapping job to go on during winter months, 4551.24

"(3) Increased labor expense caused by state highway commission of South Dakota forcing stone to be used on this riprapping project of much larger size than specified in the contract and specifications, 3300.00

"(4) Increased labor costs occasioned by state highway commission of South Dakota forcing riprap to be laid on frozen ground in the wintertime which became out of place in the spring thaws and had to be relaid, 3100.00

"(5) Penalties wrongfully charged for overtime, 810.00

"(6) Riprap work done but not paid for, 303.60

"(7) Profit which would have been earned on the job had the state highway commission of South Dakota not forced the job to go on through the winter, and had not demanded stone of larger size than specified, and had not wrongfully charged overtime, 2729.80"

The complaint alleges that on August 29, 1937, plaintiffs entered into a contract with the State of South Dakota to lay riprap along a highway in Day County, this state; that plaintiffs were to complete performance of the contract within ninety days after receiving instructions from the state to begin work; that plaintiffs were ready to commence work on the project on September 1, 1937, but through the negligence and willful disregard of their rights it was not

possible to begin work until October 4; that it was through the mistake of the state that plaintiffs and a grading contractor were on the same section of the road at the same time, preventing plaintiffs from efficiently doing their work; that from November 13, 1937, when a severe blizzard occurred, until spring the weather was abnormally severe, making it impossible for plaintiffs to do their work as efficiently and economically as they would have been able to do if they had been permitted to proceed with the work when they were ready to begin on September 1; that the custom and usage in highway construction work is that work may be suspended during the winter unless otherwise provided in the contract, and recognizing such custom and usage a resident engineer assured plaintiffs before entering into the contract that they would not be compelled to work during winter weather; that plaintiffs sought through highway engineers suspension of the work until spring and demanded of the highway commission a contract based upon additional costs to be incurred in carrying on the work in the winter months; that these efforts on the part of the plaintiffs were ignored by defendant; and that the arbitrary and unreasonable action of the defendant caused plaintiffs monetary damage and loss. The complaint contains separate allegations with respect to the several items to which reference has been made. Plaintiffs have withdrawn claim for profits set forth in item 7.

The Attorney General has filed a motion to dismiss the complaint, asserting that this court is without jurisdiction to render judgment for damages resulting from breach of contract and that the complaint does not state facts sufficient to constitute a cause of action.

 An action against the state cannot be maintained in the absence of constitutional or statutory authority. Mullen & Rouke v. Dwight et al., 42 S. D. 171, 173 N. W. 645; Sigwald v. State, 50 S. D. 37, 208 N. W. 162; Wisconsin Granite Co. v. State, 54 S. D. 482, 223 N. W. 600. The immunity results, as stated by Mr. Justice Holmes in Kawananakoa v. Polyblank, 205 U. S. 349, 27 S. Ct. 526, 527, 51 L. Ed.

834, "not because of any formal conception of obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." The Constitution, Art. III, Sec. 27, directing the Legislature to designate "in what manner and in what courts suits may be brought against the state," vests authority to impose such conditions and limitations as public policy may seem to require. Barnsdall Refining Corporation et al. v. Welsh, 64 S. D. 647, 269 N. W. 853; Goodhope v. State et al., 50 S. D. 643, 211 N. W. 451. The provisions of SDC 33.0604, giving consent by the state to be sued upon claims disallowed by the State Auditor, do not authorize the bringing of an action upon a claim for which there is no available appropriation. Sigwald v. State, supra. This court has held that where funds are only available for highway construction and maintenance an action cannot be maintained by a contractor for damages for breach of contract. Sigwald v. State, supra; Kansas City Bridge Co. v. State of South Dakota, 61 S. D. 580, 250 N. W. 343.

Plaintiffs contend that the purpose of this action is to secure compensation for extra work and not for damages for breach of contract, and that their claim may be paid from funds appropriated for the construction and maintenance of highways under the supervision of the State Highway Commission. It is conceded that funds have not been specifically appropriated for payment of damages for breach of contract.

We will first consider items 1, 2, 3, and 4 included in the claim presented to the State Auditor. Plaintiffs contend that there is an obligation on the part of the state to pay these items of increased labor costs occasioned by the demand of the State Highway Commission that plaintiffs proceed with the performance of their contract during the winter. Plaintiffs protested, so the complaint alleges, and made an effort to reach a new agreement with the State Highway Commission based upon additional costs to be incurred. It is argued that the right of recovery does not rest on the contract, but upon the fact that plaintiffs were required to

perform work which they were not obligated under the contract to perform. The text of 22 R.C.L., Public Works, Sec. 49, in discussing the right of recovery against municipal corporations for additional labor or material, says: "In determining the right of a contractor for municipal work to recover for extra work it has been suggested as a general rule that where the municipal representative, without collusion and against the contractor's opposition, requires the latter to do something as covered by his contract, and the question whether the thing required is embraced within the contract is fairly debatable and its determination surrounded by doubt, the contractor may comply with the demand under protest and subsequently recover damages even if it turns out that he was right and that the thing was not covered by his contract, * * *."

■ The measure of recovery in such instance would be the value of the extra work or materials. But we are not here concerned with the right of a contractor to recover for extra work not included in or contemplated by the contract, and it is not necessary to determine whether an appropriation for highway construction would be available for the payment of damages measured by the value of extra work or materials. In arriving at this conclusion, we have assumed for the purpose of decision that plaintiffs had the right under the contract to suspend work as they allege until spring. The work was made more difficult and additional costs resulted because of the delay in grading the highway for the purpose of enabling plaintiffs to enter upon the performance of their contract and the alleged unreasonable demand of the State Highway Commission to proceed with the performance of the work in the winter. The present case is not distinguishable from Kansas City Bridge Co. v. State, supra, wherein damages were sought for the loss of a tramway and coffer dam destroyed because of the breach of contract by the state. Increased expenses of performing work specified in a contract caused by breach of contract do not come within the scope of an appropriation for highway construction and maintenance. It follows that this court is

without jurisdiction to render judgment for the items under consideration in the absence of an appropriation available for their payment.

██ The only question that remains is whether plaintiffs are entitled to bring an action for the recovery of items 5 and 6. Plaintiffs allege that the amount specified in item 5 was wrongfully deducted from amounts earned by plaintiffs; that there was in truth and fact no overtime days for which they should have been penalized. Item 6 is premised upon the failure of the state to pay for 165 cubic yards of riprap at the price stipulated in the contract. The complaint alleges that plaintiffs laid this amount of riprap for which they have not received payment. We think it apparent that plaintiffs have as to these two items invoked the jurisdiction of this court.

The result is that the motion to dismiss as to items 5 and 6 should be denied and granted as to the other items. It is so ordered.

RUDOLPH, P.J., and POLLEY and WARREN, JJ., concur.

SMITH, J., not sitting.