KENT, APPELLANT v. ASSOCIATION LIFE INSURANCE CO.
Respondent

(166 N.W.2d 429)

(File No. 10502. Opinion filed March 25, 1969)

**Beardsley, Osheim & Wagner,** Watertown, S. D., **D. G. Syvertson,** Clark, for plaintiff and appellant.

**Gribbin & Burns** and **Thomas G. Ries,** Watertown, for defendant and respondent.

BIEGELMEIER, Presiding Judge.

On June 17, 1966, one James W. Pederson, an agent of defendant insurance company, which was writing group insurance on individuals through the South Dakota Bakers' Association, called at the Kent's Bakery to solicit applications for insurance. Kent's Bakery was owned by Dale Kent and his wife Georgie G. Kent and had one full-time and one part-time employee. After some conversations with the two owners, Dale Kent signed two cards—a white one on both sides and the yellow one on the one side. The yellow card, titled Application For Group Insurance, stated the Employing Company (employer), Beneficiary and the Bakery Association and authorized the employer, Kent's Bakery, "When this plan begins" to deduct from the employee's wages his contribution toward the cost of the insurance plan. It also had a detachable postcard on which was printed:

> "IF YOU WANT US TO NOTIFY YOU OF YOUR INSURANCE EFFECTIVE DATE, PLEASE FILL OUT YOUR NAME AND ADDRESS ON THE REVERSE SIDE. (it was not filled out) Dear Policyholder: Your insurance will become effective on................................................for health and accident, and/or......................................................for life. Association Insurance Co."

The white card directed to the company was titled "EMPLOYER'S APPLICATION FOR GROUP INSURANCE". It included information to be filled in blanks on lines numbered 1 through 8, such as company name, type of ownership (answered as sole proprietor); that the bakery would pay 50% of the premiums and that insurance would cover one of the two employees. The

last sentence immediately over the signature stated: "it is also understood that insurance will not be in force as presented until accepted by the insurance company." The reverse side contained over forty spaces mostly for agents or office use. Under one space, "EFFECTIVE DATE", "June 17-66" was written, while at another place the effective date space was blank as were most of the others. Plaintiff, her son and his wife testified the agent stated Mr. Kent would be covered immediately, though the two last named left the bakery before Mr. Kent signed the application. The agent testified he told them if Kent was killed by a car tomorrow he was covered "providing that you are accepted by the company", and it was effective as of today "conditioned on the acceptance by the company".

The cards, with a check payable to "Life Insurance Co." for the premium on a policy covering Mr. Kent only, were sent to the company. The company on June 23, 1966, by letter to the agent, declined to accept the application for group insurance on one person and returned the check and application to him. On June 29th the agent called at the bakery to tell them he was not covered and to get the other employee insured, but Mr. Kent was absent and Mrs. Kent said she had not talked to him about that which she was going to do.

On July 2nd the company wrote a letter to the bakery the policy could not be issued until the other eligible employees completed the enclosed application cards. Mr. Kent was killed July 3, 1966.

█ The first cause of action in plaintiff's complaint was on the theory the application for insurance was accepted by the insurance company by its agent who solicited the insurance. On this issue the court found the agent "did not have the authority to place the insurance applied for by the applicant in force, and that said insurance was never placed in force by the Defendant Insurance Company." Plaintiff's assignment of error merely states the court erred in so finding which it seems must rest on a claim of the insufficiency of evidence to justify it. While Supreme Court Rule 63 of 1939 (SDC 1960 Supp. 33.0735)

provides "the assignment must state the particulars in which the evidence is claimed to be insufficient" and this assignment does not do so, our review on a proper assignment is nevertheless limited.

> "It is well settled that the credibility of witnesses and weight of evidence is for the trial court and that a reviewing court accepts that version of the evidence, including the inferences that can be fairly drawn therefrom, which is favorable to the trial court's action. Consequently, an appellate court is not free to disturb findings unless they are contrary to the clear preponderance of the evidence." Nicolaus v. Deming, 81 S.D. 626, 139 N.W.2d 875.

See also In Re Estate of Graves, 82 S.D. 225, 144 N.W.2d 35.

▆▆ The testimony of Pederson and the application signed by Kent support the trial court's finding that the application for insurance was subject to acceptance by the company and that Kent knew this at the time he signed it. There was no evidence the agent had actual or ostensible authority to cause the insurance to be in effect; the evidence supports the court's finding to the contrary.[1] Plaintiff cites as controlling the District Court opinion in Wyoming Farm Bureau Mutual Ins. Co. v. Smith, 259 F.Supp. 870, D.C.Mont., while Defendant cites the opinion on appeal of the Ninth Circuit Court of Appeals in 377 F.2d 918. The salient difference between the case at bar and the Smith action was pointed out in the Court of Appeal's opinion. In Smith the trial court, following the jury's answers to interrogatories, found the insurance "Company had given Everhard (the agent) actual authority to fill in the 'Policy Term' provisions of the application exactly as he did fill them in" and another similar finding. The appellate court said "Were it not for the findings just referred to the result here might well be otherwise. * * *

---

1. As in the case of contracts generally it is essential to the creation of a contract of insurance that there be an offer or a proposal by one party and an acceptance by the other. Standard Casualty Co. v. Boyd, 75 S.D. 617, 71 N.W.2d 450.

We hold that based upon the findings previously referred to herein, the trial court correctly concluded that the agent had authority \* \* \*." Here the trial court found no such authority. The foregoing also disposes of plaintiff's second assignment of error.

■■ A third assignment asserts the court erred in finding no negligence on the part of defendant with references only to three places in the transcript where, it must be assumed as Supreme Court Rule 63 of 1939 (SDC 1960 Supp. 33.0735) requires, "The alleged error appears". The cited pages contain the evidence of agent Pederson as to his qualifications and training as an insurance agent and his visit to the bakery to inform Mr. Kent he was not covered and to get coverage on his other employees and that he talked to Mrs. Kent about it. The second cause of action in the complaint alleged defendant was negligent by placing an agent without sufficient training in writing group insurance and not advising Kent of his limited authority. Assuming, as the assignment states, plaintiff is relying on estoppel,[2] we have heretofore alluded to the evidence of notice to the Kents in the written application and by Pederson of the need of acceptance by the company; as to his training, the evidence showed he was a college graduate, had attended six schools or seminars on different phases of insurance in several cities, was general agent for another company and had written insurance for three years. If the argument is directed to a claim of negligence in notifying insured of the rejection of the application for insurance, which the complaint did not allege, admittedly it was an application for group insurance made by the employer bakery of which Mrs. Kent, plaintiff, was part owner and to whom the agent gave notice of the rejection. The trial judge did not err in finding defendant was not negligent. The judgment is affirmed.

All the Judges concur.

---

2. The trial court was evidently aware of Cromwell v. Hosbrook, 81 S.D. 324, 134 N.W.2d 777, which requires proof of the elements of estoppel to be by clear and convincing evidence.