G. H. LINDEKUGEL & SONS, INC., Appellant
v.
S. D. STATE HIGHWAY COMMISSION, et al. Respondents

(202 N.W.2d 125)

(File No. 10969. Opinion filed November 21, 1972)

**Morgan & Fuller**, Mitchell, **Simons, Gibbs & Feyder**, Sioux Falls, for plaintiff and appellant.

**John B. Wehde**, Huron, for defendant, third party plaintiff and respondent.

**Davenport, Evans, Hurwitz & Smith**, Sioux Falls, for third party defendant and respondent architects.

**Stephens, Riter, Mayer & Hofer**, Pierre, for third party defendant and respondent soil consultants.

ANDERST, Circuit Judge.

The plaintiff contracted with the defendant on or about May 3, 1965, to construct a state highway department office and laboratory building. The building consists of two connected sections, referred to as the "A" section and "B" section. The contract provided the "B" section was to be completed by September 1, 1966, and the "A" section was to be completed by December 1, 1966. The plaintiff was subsequently given an extension of the completion date on each section. The "B" section was actually completed on January 8, 1967, or 85 days later than the extended dateline, and the "A" section was completed on March 19, 1967, or 63 days later than the extended dateline on that section. The defendant retained $280 per day on each section as liquidated damages under the terms of the contract, or a total retained of $41,440.

This action was initiated by the plaintiff, G. H. Lindekugel & Sons, Inc., against the defendant, South Dakota State Highway Commission, pursuant to the provisions of Ch. 110, S.L.1964, now SDCL 31-2-34 through 31-2-39. The plaintiff's complaint asserted two causes of action. The first cause of action sought damages of $118,543.48 for additional labor and materials because of alleged impossibility of performance, claimed misrepresentation, and breach of warranty with respect to the foundation of the building. The second cause of action is divided into two parts. The first paragraph seeks damages of $28,407.98 for extra work and materials alleged to have been made necessary by faulty plans and specifications. The second paragraph seeks return of the amount asserted to have been wrongfully retained by the state as liquidated delay damages.

The defendant joined the architects, Wendell G. Fritzel, Jean R. Kroeger, Edward L. Griffin, Milton L. Berg, d/b/a

Fritzel, Kroeger, Griffin & Berg, and the soil consultants, Woodward-Clyde-Sherard, as third party defendants. Defendant thereafter moved to dismiss the plaintiff's complaint. An order dismissing the first cause of action, as well as that part of the second cause of action for alleged additional compensation, because there was no appropriation for such claims, was granted. The defendant's motion to dismiss the second paragraph of the second cause of action seeking recovery of the liquidated damages withheld was denied. As to that issue, a court trial was held and judgment was entered in favor of defendant and against plaintiff. Separate judgments were entered between the defendant, State Highway Commission, and the third party defendants, the architects and the soil consultants.

The plaintiff appealed from the judgment which dismissed its action against defendant State, and assigned as error the entry of the above mentioned order which dismissed two of plaintiff's claims and the judgment for defendant on the merits as to its third claim.

The judgments between defendant, as third party plaintiff, and third party defendants, architects and soil consultants, have not been appealed to this Court, thus we have no jurisdiction to grant the motion to dismiss that appeal or take other action except to note the record shows no appeal as to them.

■ The South Dakota Constitution, Article III, § 27, provides:

"The Legislature shall direct by law in what manner and in what courts suits may be brought against the state."

Of further importance is Article XI, § 9:

"* * * No indebtedness shall be incurred or money expended by the state, and no warrant shall be drawn upon the state treasurer except in pursuance of an appropriation for the specific purpose first made. * * *"

This suit is brought under the provisions of SDCL 31-2-34 wherein:

> "The state of South Dakota may be sued and made defendant in any court in which an action is brought against the South Dakota state highway commission respecting any claim, right, or controversy arising out of the work performed, or by virtue of the provisions of any construction contract entered into by the South Dakota state highway commission. * *"

Further, SDCL 31-2-38 provides that any successful litigant obtaining a judgment shall be paid.

> "out of the state highway fund from all the moneys levied and collected by the state by general state taxation for state highway purposes, or appropriated for state highway purposes".

See also SDCL 31-2-39. Plaintiff contends this provision is an appropriation statute with a continuing appropriation to pay any judgment for damages which might be obtained thereunder. With this contention we cannot agree.

SDCL 31-2-34 through 31-2-39 is very similar in nature to SDCL 21-32-10 through 21-32-14. The main distinction is the former provides suit may be initiated in any court while the latter provides for original jurisdiction in the Supreme Court. Of special interest is a similarity to SDCL 31-2-39 and SDCL 21-32-14 stating how payment of any judgment obtained therein is made.

■ This court has held on numerous occasions, Griffis v. State, 69 S.D. 439, 11 N.W.2d 138; Griffis v. State, 68 S.D. 360, 2 N.W.2d 666; Kansas City Bridge Co. v. State, 61 S.D. 580, 250 N.W. 343; and Sigwald v. State, 50 S.D. 37, 208 N.W. 162, that SDCL 21-32-14 was not an appropriation statute. It is further well settled law this court is without jurisdiction to render judgment (under SDCL 21-32-10 through 21-32-14) in the absence of an appropriation available for their payment. Griffis v. State, 68 S.D. 360, 2 N.W.2d 666, and Kansas City Bridge Co. v. State, supra.

■ The expenditure of moneys levied and collected for state highway purposes, or appropriated for state highway purposes, is

limited by SDCL 31-5-8 to "laying out, marking, constructing, reconstructing, or maintaining public highways forming the trunk highway system", and "such sums as are required for the maintenance of the [state] Highway Commission". As stated in Griffis v. State, 69 S.D. 439, 445, 11 N.W.2d 138, 141:

> "In view of Section 9, Article XI, State Constitution, * * * this court in Sigwald v. State, supra, held that moneys [levied and collected or appropriated for state highway purposes] * * * were not available for the payment of *damages* for breach of contract caused by the Highway Commission; that the word 'specific' in this Constitutional provision impelled such conclusion. True, the claim in the Sigwald case was for *damages* for prevention of performance and the claim in the instant case is for labor performed in *excess* of the requirements of the contract. The question in either instance is whether there is an appropriation for payment of *damages* accruing from the *breach* of contract." (emphasis supplied)

Sigwald posed the question as follows:

> "In the language of the constitutional provision [§ 9, Art. XI, supra], is the above [now SDCL 31-5-8, supra] 'an appropriation for the specific purpose' of paying damages arising from the breach of a contract caused by the highway commission? The word 'specific' compels a negative answer to the question whatever the answer might be were it not for that word.
>
> "This claim therefore [is] adjustable only by the Legislature * * *."

Sigwald further reached the conclusion "that the Legislature, in granting permission to sue the state, had in mind only such actions as might result in a judgment which could lawfully be paid".

The first Griffis. v. State opinion, 68 S.D. 360, 2 N.W.2d 666, discussed damages and extra work in the following language:

"This court has held that where funds are only available for highway construction and maintenance an action cannot be maintained by a contractor for damages for breach of contract. (citations omitted)

"Plaintiffs contend that the purpose of this action is to secure compensation for extra work and not for damages for breach of contract, and that their claim may be paid from funds appropriated for the construction and maintenance of highways under the supervision of the State Highway Commission. It is conceded that funds have not been specifically appropriated for payment of damages for breach of contract."

Cuka v. State, 80 S.D. 232, 122 N.W.2d 83, was an action where, pursuant to an offer of the Highway Commission and a contract of purchase and sale, Cuka delivered a deed to the right-of-way involved. His claim was approved by the commission, and the state auditor issued a warrant which was delivered to the commission. Sometime later the commission decided not to proceed and returned that deed to Cuka. After citing our earlier opinions, the court wrote:

"In effect, plaintiff is asking for damages for breach of contract. As such his claim must be denied as there are no appropriated highway funds available to pay the same."

The pertinent limitation on the expenditure of moneys levied, collected or appropriated for state highway purposes in SDCL 31-5-8, stated earlier in the opinion, is to "laying out, marking, constructing, reconstructing, or maintaining public highways forming the trunk highway system".

Article XI, § 8 of the South Dakota Constitution provides generally that the proceeds of the imposition of licenses, fees or charges with respect to operation of motor vehicles on public highways and taxes on motor fuels "shall be used exclusively for the maintenance, construction and supervision of highways and bridges of this state." The words maintenance and construction are substantially the same as those used in SDCL 31-5-8.

It is evident for the same reasoning and the construction given SDCL 31-5-8 that Article XI, § 8 does not permit payment of damages for breach of contract (as distinguished from payments due under the contract), nor for extra or unexpected costs incurred by a contractor, which costs were not provided for in and were in excess of the contract. They do not come within the cited clause or limitation of expenditures in Article XI, § 8.

█ We believe that SDCL 31-2-34 through 31-2-39 is comparable to SDCL 21-32-10 through 21-32-14 in that it is not an appropriation statute, but a procedure remedial in nature whereby an aggrieved party may bring suit against the state to recover claims for damages against funds already appropriated for that purpose. The trial court was correct in granting its order to dismiss plaintiff's claim for damages.

█ The second major contention of the plaintiff's appeal is the trial court erred in finding the state properly withheld liquidated damages. Plaintiff properly invoked the jurisdiction of the circuit court on the merits of this claim as it was within the terms and amount of the contract. While denying recovery for four of plaintiff's claims, the court in the first Griffis v. State decision, supra, held a determination of the propriety of deductions made by the state for overtime days and failure to pay for riprap at the price stipulated in the contract was a proper subject of an action against the state. A voluminous record was made on this issue in the present action. It was agreed that much of the evidence was conflicting, each party arguing his version was correct. Proposed findings of fact presented by both parties to the court were rejected, the court thereafter making its own independent findings.

> " 'It is well settled that the credibility of witnesses and weight of evidence is for the trial court and that a reviewing court accepts that version of the evidence, including the inferences that can be fairly drawn therefrom, which is favorable to the trial court's action. Consequently, an appellate court is not free to disturb findings unless they are contrary to the clear preponderance of the evidence.' " Kent v. Association Life Insurance Co., 84 S.D.8, 166 N.W.2d 429.

This court has reviewed the evidence and will not disturb the trial court's finding the state properly withheld the sum as liquidated damages. The order and judgment appealed from are affirmed.

HANSON, P. J., and BIEGELMEIER, J., concur.

WOLLMAN and DOYLE, JJ., concur in part and dissent in part.

ANDERST, Circuit Judge, sitting for WINANS, J., disqualified.

BIEGELMEIER, Judge (concurring).

It is clear the court's opinion, in which I join, does not deny recovery to a plaintiff for any money due under, by virtue of, or within the provisions of the contract; it does deny recovery for any *damages* (as cited opinions stress) outside of, separate from, and in addition to those provided for in the contract. Plaintiff recognizes the latter situation exists here by stating in its brief its claim is for "additional compensation" for labor and material incurred for "additional work it had to do to complete the project".

The result reached is consistent and in conformity with the requirement that the claim, etc. arise "out of the work performed, or by virtue of the *provisions* of any construction *contract*" (emphasis supplied) of the state highway commission clauses in SDCL 31-2-34 which likewise are limitations on SDCL 31-2-38 and 31-2-39. Plaintiff's action for over $197,000 indicates the extent to which contractors may go when they attempt to recover amounts in excess of the contract price for extra work done under claims of faulty plans or misrepresentations by state employees, architects, consultants etc. employed by the state. It was not intended to open the public treasury to such claims.

The court has not hesitated to approve recovery of sums found due contractors in contracts with the state or its agencies. Mention is made of only two. In one action where this court had

original jurisdiction, it entered a judgment for the balance due a contractor under the terms of the contract. Kyburz v. State, 79 S.D. 114, 108 N.W.2d 645. In another, the court permitted recovery for the balance due under the contract even where the state had wrongfully paid out the balance of the funds appropriated to the United States under a claimed lien and then asserted the funds were exhausted. Hartford Accident and Indemnity Co. v. State, 85 S.D. 608, 187 N.W.2d 663.

WOLLMAN, Judge (concurring in part and dissenting in part).

I concur in that portion of the majority opinion which affirms the trial court's ruling on the question of liquidated damages. I cannot agree, however, with the holding that SDCL 31-2-34 through 31-2-39 does not constitute an appropriation specific enough to satisfy the requirements of South Dakota Constitution, Article XI, § 9, nor with the holding that Article XI, § 8 does not permit payment of damages for breach of contract or for extra or unexpected costs incurred by a contractor in connection with the performance of a highway construction contract.

Sigwald v. State, 1926, 50 S.D. 37, 208 N.W.162, held that SDCL 21-32-10 through 21-32-14 (then sections 2109—2112 Revised Code 1919) did not authorize the bringing of a suit against the state for damages for breach of contract for the payment of which there was no available appropriation. The case further held that SDCL 31-5-8 (then § 54, Ch. 333, Laws of 1919) did not constitute an appropriation for the specific purpose of paying damages arising from the breach of contract within the meaning of Article XI, § 9 of the Constitution. Obviously there was no discussion of Article XI, § 8 of the Constitution in the Sigwald case since the amendment to that section restricting the proceeds of license and registration fees and fuel taxes for the maintenance, construction and supervision of highways and bridges was not approved until 1940. Likewise, the opinions in Griffis v. State, 1942, 68 S.D. 360, 2 N.W.2d 666, and Griffis v. State, 1943, 69 S.D. 439, 11 N.W.2d 138, merely reaffirmed the holding in Sigwald that funds appropriated for highway construc-

tion and maintenance were not available for payment of damages for breach of contract. Nothing was said in either of these two cases about Article XI, § 8 of the Constitution, nor was there any need to discuss this section inasmuch as there was no appropriation statute then in existence specifically providing for the payment of damages arising out of breach of highway construction contracts as is now found in SDCL 31-2-38 and 31-2-39.

To hold that SDCL 31-2-34 through 31-2-39 is not an appropriation statute but is comparable to the procedural remedy outlined in SDCL 21-32-10 through 21-32-14 is to disregard important differences between the two statutes, differences that assume a special importance in view of the judicial gloss put on the latter statute in the Sigwald and Griffis cases. If the legislature had merely intended to broaden the procedural remedy by permitting actions against the state in circuit court as well as in this court, it would have been a simple matter to amend SDCL 21-32-10 accordingly. That statute permits any person aggrieved by the refusal of the State Auditor to allow any just claim against the state to commence an action against the state in the Supreme Court. SDCL 31-2-34, on the other hand, permits an action against the state respecting any "claim, right, or controversy arising out of the work performed, or by virtue of the provisions of any construction contract entered into by the South Dakota state highway commission * * *" with the venue to be in the county where all or part of the construction work was performed. The legislature must have intended by this statute to permit actions against the state to recover damages for breach of highway construction contracts. If, as the majority opinion holds, the procedure established by SDCL 31-2-34 through 31-2-39 is limited to suits against the state to recover claims for damages against funds already appropriated for that purpose, then it would hardly have been necessary for the legislature to have enacted SDCL 31-2-38 which specifically provides that a successful litigant be paid the amount of damages awarded and costs assessed against the state "* * * out of the state highway fund from all the moneys levied and collected by the state by general state taxation for state highway purposes, or appropriated for state highway purposes." In other words, it seems clear that the legislature intended to provide a specific, continuing appropria-

tion from a limited fund for the payment of damages awarded against the state on claims arising out of construction contracts with the state highway commission. See State ex rel. Longstaff v. Anderson, 1914, 33 S.D. 574, 146 N.W. 703; Hughes v. Reeves, 1922, 45 S.D. 538, 189 N.W. 307; and In re Opinion of the Judges, 1925, 48 S.D. 253, 203 N.W. 462.

I am authorized to say that Judge DOYLE joins in this concurrence and dissent.