The BREZINA CONSTRUCTION CO., INC., Plaintiff and Appellee,

v.

SOUTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellant.

No. 12864.

Supreme Court of South Dakota.

Argued April 22, 1980.

Decided Oct. 8, 1980.

George A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff and appellee; Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, on brief.

Carl W. Quist, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Chief Justice.

Appellant, the South Dakota Department of Transportation (Department), appeals from the judgment of the circuit court in favor of appellee, Brezina Construction Company (Brezina). We reverse and remand.

Brezina entered into a highway construction contract with the Department for the construction of a small bridge and the reconstruction of a portion of Route 403 near Nemo in Lawrence County. The original contract called for the completion of work within eighty–five days; however, an addi-

tional thirty–nine days were subsequently allowed as the result of construction change orders. Brezina's request for additional time in which to complete the project was denied by the Board of Transportation. The Department ultimately determined that Brezina had exceeded the allowable time by 110 days and withheld liquidated damages in the amount of $33,000.00.

As one of the principal work items, the contract called for the displacement of some 8,200 cubic yards of "unclassified excavation" at a contract price of three dollars and fifty cents per cubic yard. Required "rock excavation" was to be paid for at a price five times the contract price for unclassified excavation. The contract further provided that Brezina was to notify the Department in writing when large quantities of rock were encountered so that the Department could measure the amount of rock to determine the proper amount of payment.[1]

After beginning work on the project, Brezina encountered substantial quantities of unexpected rock excavation, necessitating delay and increased expense. Pursuant to the contract, Brezina notified the Department of the existence of rock excavation on August 1, 1974. Notification was received by the Department on August 5, 1974. On August 6, 1974, and again on August 30, 1974, the Department's engineer cross–sectioned various portions of the project area to measure the extent of rock excavation.

Disagreement arose between the Department and Brezina with respect to the amount of rock excavation required to be performed and hence the amount Brezina was to be paid for that excavation.

The circuit court found in favor of Brezina in the amount of $76,965.97. The judgment included $24,052 for uncompensated rock excavation, the $33,000 in liquidated damages withheld by the Department, $7,901.92 withheld by appellant as a setoff against another construction contract between the parties,[2] and $12,012.05 in interest.

## ISSUE I

■ The Department argues that the circuit court erred in making a de novo determination of the factual classification of the excavation inasmuch as the contract vested the authority to make this determination solely in the Department's engineer.

In *Kyburz v. State*, 79 S.D. 114, 117, 108 N.W.2d 645, 647 (1961), we stated:

The rule appears to be well established that parties to a building or construction contract may designate an engineer or other person to determine questions relat-

---

1. Section 120.2 of the Standard Specifications made a part of the contract provides:

   All authorized roadway and drainage excavation will be either rock excavation or unclassified excavation. Authority to identify and define the physical characteristics which determine final classification shall be vested solely in the Engineer.
   A. Rock Excavation: Rock excavation shall include all hard, solid rock in ledges, bedded deposits and unstratified masses and conglomerate deposits so firmly cemented as to present all the characteristics of solid rock and which must be removed by drilling and/or blasting. Shale regardless of the nature of deposit will not be considered rock excavation unless so designated on the plans. The responsibility and cost of satisfactorily demonstrating to the Engineer that the material being considered for rock excavation cannot be removed by means other than drilling and/or blasting shall be the obligation of the Contractor.

   The Contractor shall notify the Engineer in writing when large masses of ledge rock are encountered, for which measurement for payment as rock excavation is provided. Notification shall be given to the Engineer far enough in advance to enable him to ascertain the extent and nature of the rock formation before removal of such rock is begun. Payment as rock excavation will not be made unless such notification is given.
   B. Unclassified Excavation: Unclassified excavation shall include any and all materials encountered during the construction of the work except materials designated for removal under other contract items regardless of their nature or manner in which they are removed. This item will include rock excavation only when the presence of rock is shown on the plans, and where no bid item exists for such excavation.

2. The Department has abandoned its appeal with respect to this portion of the judgment.

ed to its execution and that the parties are bound by [the] determination of matters within the scope of [that] authority and when made in good faith.

Another statement of the general rule on this issue is as follows:

> We find neither defendant nor plaintiff has correctly stated the law applicable to the case at hand. The pertinent rule ... is to the effect that a contract clause providing the architect or engineer shall be the final arbiter of disputes is binding upon the parties unless the architect or engineer's decision is manifestly arbitrary or rendered in bad faith.

*J. H. Jenkins Contractor, Inc. v. City of Denham Springs*, 216 So.2d 549, 553 (La. App.1968). See Annot. 54 A.L.R. 1255 (1928), 110 A.L.R. 137 (1937).

Without detailing the evidence, we conclude that the record supports the trial court's finding that the Department was arbitrary and capricious and guilty of an abuse of discretion in making its determination regarding the nature and extent of the rock excavation. Suffice it to say that there is evidence that the Department's project engineer was less than candid in his communications with Brezina concerning this matter. Moreover, it appears that he deliberately delayed in making his measurements of the area of the rock in order to frustrate Brezina's attempts to obtain full compensation for the rock it found necessary to excavate. Given this behavior on the part of its employee, the Department will not be heard to complain of the trial court's ruling. Cf. *Northern Improvement Co. v. S. D. State Hwy.*, 267 N.W.2d 208 (S.D.1978).

## ISSUE II

The Department challenges the finding that Brezina removed 1,718 additional cubic yards of rock excavation after it gave written notice to the Department. The record contains sufficient evidence upon which the circuit court could properly base this finding. Accordingly, we cannot say that the finding of the circuit court in determining the amount of rock excavation is clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

## ISSUE III

■ The Department contends that the trial court erred in not applying the liquidated damages provision of the contract. We agree.

Pursuant to the provisions of the contract, the Department added thirty–three working days to the completion time based upon the proportional cost of the increased work for rock excavation.[3] The trial court,

---

**3.** The applicable contract provisions state:

The number of days for performance allowed in the contract as awarded is based on the original quantities as defined in Section 2.4 of the Standard Specifications. If satisfactory fulfillment of the contract requires performance of extra work, or work in greater quantities than those set forth in the proposal form. [sic] The number of days allowed for performance shall be increased in the same proportion as the cost of increased work bears to the total original contract amount. Should the Contractor feel that the extension based on a monetary basis is insufficient for the increased work involved, he may submit written information which will justify additional time. Such information must show how the increased work delays the overall completion of the entire project. Information shall be submitted as soon as possible after the increased work has been performed.

If the information submitted justifies additional time the Resident Engineer will prepare a Construction Change Order increasing the contract time.

If the Contractor finds it impossible for reasons beyond his control to complete the work within the contract time as specified or as extended in accordance with the provisions of this section, he may, at any time prior to the expiration of the contract time as extended, make a written request to the Board of Transportation for an extension of time setting forth therein the reasons which he believes will justify the granting of his request. The Contractor's plea that insufficient time was specified is not a valid reason for extension of time. If the Board of Transportation finds that the work was delayed because of conditions beyond the control and without the fault of the Contractor, they may extend the time for completion in such amount as the conditions justify. Extension of contract time will be made when unanticipated delays (beyond the control of the Contractor) in delivery of critical materials results in a delay of the work. The Contractor shall notify the Engineer

however, found that the eighty–five–day completion period was specifically premised on the existence of unclassified excavation only. The trial court also found that rock excavation was not extra work within the contract definition of that term.[4]

We conclude that the trial court erred in holding that the liquidated damages clause of the contract did not apply. The contract provisions cited above indicate that the parties recognized the possibility that rock excavation might be necessary to the completion of the contract. Indeed, Brezina's compliance with the notification requirements of the contract after it encountered large masses of rock belies its present contention that the time allowed for completion of the contract was premised upon the existence of unclassified excavation only. Accordingly, the trial court should not have disregarded the liquidated damages provision of the contract.

The Department has treated the rock excavation as extra work that entitled Brezina to an additional thirty–three working days. Under the Department's interpretation of the contract, Brezina would be entitled to fourteen additional working days if the trial court's finding regarding the additional rock excavation is upheld. In view of our holding that the eighty–five working day completion date, as modified by the extensions, is applicable, we are not disposed to question whether the rock excavation truly met the definition of extra work as that term is used in the contract. Accordingly, on remand Brezina should be given credit for fourteen additional working days when the amount of its liability for liquidated damages is computed.

## ISSUE IV

■ Our recent decision in *Sweetman Construction Co., Inc. v. State*, 293 N.W.2d 457 (S.D.1980), answers the Department's contention that interest is not awardable on highway construction contract judgments. The trial court did not err in adding interest to the judgment.

## CONCLUSION

The judgment is reversed, and the case is remanded to the circuit court for the entry of judgment consistent with the views set forth in this opinion.

MORGAN and FOSHEIM, JJ., concur.

DUNN and HENDERSON, JJ., concur in part and dissent in part.

DUNN, Justice (concurring in part, dissenting in part).

I would concur with the majority as to the findings on cost of rock excavation after August 1, 1974, and as to the issue of interest.

However, I would remand to the circuit court for a finding of whether the additional time taken to complete the project was reasonable in view of the rock excavation encountered in place of the classified excavation called for in the contract, and because of the ineptness and deception of the project engineer. If the additional time is found to be reasonable, no liquidated damages should be allowed. If the time taken was not reasonable, the formula of liquidated damages should be applied to the extra days over the reasonable time found by the trial court.

I am authorized to state that Justice HENDERSON joins in this concurrence in part and dissent in part.

---

4. Extra work is defined by the contract as: An item of work not provided for in the contract as awarded but found essential to the satisfactory completion of the contract within its intended scope.

immediately when it becomes evident that there will be a delay in obtaining critical materials. The extended time for completion shall then be in full force and effect the same as though it were the original time for completion.