HENDERSON, Justice.
 

 ACTION
 

 This is an appeal by the South Dakota State Highway Commission (Commission), the South Dakota Department of Highways and the State of South Dakota from a judgment of the trial court which ordered that Northern Improvement Company, Inc., (Northern) recover $332,522.17 (plus interest and costs) for compensation due under a highway construction contract entered into by the parties in August of 1968. The Commission contends that the trial court was clearly erroneous in its findings. Northern maintains that the trial court applied an incorrect rate of prejudgment interest on the amount awarded by the judgment. We affirm the compensation award
 
 *854
 
 but reverse and remand on the interest issue.
 

 PROCEDURAL HISTORY
 

 This case has been before the Court on two prior occasions. In
 
 Northern Improvement Company, Inc. v. South Dakota State Highway Commission,
 
 87 S.D. 71, 202 N.W.2d 861 (1972)
 
 (Northern I),
 
 Northern appealed from an order dismissing its complaint for damages for breach of contract entered into between the parties. Relying totally upon
 
 G.H. Lindekugel & Sons, Inc. v. South Dakota State Highway Commission,
 
 87 S.D. 32, 202 N.W.2d 125 (1972), this Court in
 
 Northern I
 
 affirmed the dismissal of Northern’s complaint.
 
 Lindekugel
 
 held that, due to the absence of state-appropriated funds, a contractor could not maintain an action for damages for an alleged breach of contract, nor for extra or expected costs not provided for in the contract.
 

 In
 
 Northern Improvement Company, Inc. v. South Dakota State Highway Commission,
 
 267 N.W.2d 208 (S.D.1978)
 
 (Northern II),
 
 we held that the Commission was es-topped from precluding Northern from recovering for any extra work Northern had done in conjunction with the highway contract between the parties. Under the express terms of the contract, however, claims for extra work were required to be in writing, which Northern did not do. This written requirement was circumvented by the Court in
 
 Northern II
 
 by holding that there existed a waiver and estoppel in pais on the part of the Commission due to its implied acquiescence in Northern’s performance of the extra work.
 

 A two-week court trial was held in May of 1979 to determine the amount, if any, the Commission owed Northern for extra work done under the aforementioned contract. After receiving considerable testimony, and upon reviewing profusive documentary evidence, the trial court deliberated for nearly two years whereupon it entered a judgment in favor of Northern for $332,522.17 on April 17, 1981. The judgment was based upon an incorporated memorandum decision plus 216 findings of fact and 109 conclusions of law.
 

 ISSUES
 

 I.
 

 Did the trial court err in finding that the Commission owed Northern $332,522.17 for extra work done under the contract between the parties? We hold that it did not.
 

 II.
 

 Did the trial court err in applying a prejudgment interest rate of six percent per annum? We hold that it did.
 

 DECISION
 

 I.
 

 In
 
 Northern II,
 
 this Court permitted Northern to thereafter prove any claims it may assert for extra work done pursuant to the contract in question. Affirmed in
 
 Northern II
 
 was the following portion of the judgment of the lower court:
 

 (1) That pursuant to and as provided by the highway construction contract and specifications before the court, and the facts and circumstances contained in [Northern’s] pleadings as admitted by the parties as true by stipulation, [Northern] has rights and claims against the [Commission] as a matter of law for work not originally contemplated or work made necessary by alterations to the project plans, and ordered or required to be done by the [Commission’s] engineers, without the necessity of any written supplemental agreement or written order;
 

 (2) That under the totality of the facts and circumstances set forth in [Northern’s] pleadings as admitted by the parties as true by stipulation, [Northern] is determined as a matter of law to be able to assert the doctrines of waiver and es-toppel in pais against the [Commission’s] claim of a requirement for a written supplemental agreement or written order.
 

 The contract incorporated the South Dakota Department of Highways Standard
 
 *855
 
 Specifications for Roads and Bridges, (1963 Edition). The specifications of the contract pertaining to the definition of “extra work” read as follows:
 

 1.26 EXTRA WORK — Additional construction items which are not included in the original contract.
 

 4.4 EXTRA WORK — Work not originally contemplated, or work made necessary by minor alterations of the plans, which is deemed necessary or desirable in order to complete fully the work as contemplated, and for which no provision or compensation is provided in the proposal or contract, shall be deemed extra work, and shall be performed by the Contractor in accordance with the specifications and as directed by the Engineer; provided, however, that before any extra work is started a supplemental agreement shall be entered into, or an extra work order issued. Where the terms of a supplemental agreement cannot be agreed upon by both parties, or where this method of payment is impractical, the Engineer may order the Contractor to do such work on a force account basis (See Section 9.5). Claims for extra work which have not been agreed to beforehand in writing will be rejected.
 

 9.5 EXTRA AND FORCE ACCOUNT WORK — Extra work performed in accordance with the requirements and provisions of Section 4.4 will be paid for at the unit prices or lump sum stipulated in the supplemental agreement, or in lieu of such agreement, the Department may require the Contractor to do such work on a force account basis * * *.
 

 No useful purpose would be served in reiterating all of the evidentiary facts previously set out in
 
 Northern II.
 
 Suffice it to say that, throughout the course of the construction requirements of the contract, Northern was plagued with difficulties. Many of these problems could be traced to the Commission’s project engineer, who consistently refused to yield to Northern’s demands for extra work orders and supplemental agreements to augment the specifications of the contract, which were in certain instances defective and in other instances proved inadequate to permit Northern to cope profitably with unforeseen contingencies. Aside from his refusal to issue the requested orders, the aforementioned engineer ordered Northern to perform various operations in a defective or highly inefficient and unprofitable manner.
 

 The crescendo of the trial court’s multitudinous findings of fact and conclusions of law is found in Conclusion of Law Number 99:
 

 That [Northern] proved each and every one of its claims by a preponderance of sufficient, competent evidence sufficient to sustain a judgment for [Northern] and against the [Commission] in the following respects:
 

 (X) Dirt Claim $294,303.24
 

 (2) Extra Maintenance on Detour 19,689.60
 

 (3) Base Course Shoulder Claim 3,566.40
 

 (4) Asphalt Claim 13,271.25
 

 (5) Median Drain Claim 1,425.00
 

 (6) Fence Mobilization 266.68
 

 $332,522.17
 

 In effect, the trial court determined that certain “rights and claims” addressed in
 
 Northern II
 
 were substantiated.
 

 A trial court’s findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. SDCL 15-6-52(a);
 
 In re Estate of Hobelsberger,
 
 85 S.D. 282, 181 N.W.2d 455 (1970). We are satisfied that the trial court, after nearly two years of familiarization and weighty deliberation upon the evidence, was not clearly erroneous in its award.
 

 On a related matter, Northern argues that the Commission did not properly preserve its record on appeal in that the Commission failed to make a motion for new trial after having moved for a dismissal upon the basis that Northern had not met its burden of proof. In light of our substantive disposition on the evidence submitted and cause of action established, this procedural contention need not be addressed.
 

 II.
 

 Northern urges that the trial court applied an erroneous rate of six percent per
 
 *856
 
 annum as prejudgment interest on the judgment. This interest was computed from and after August 29, 1970, (when Northern’s claim against the Commission became vested) to the date of judgment. The trial court correctly allowed for post-judgment interest at the rate of twelve percent per annum pursuant to SDCL 54-3-5. The contract contains no provision for interest.
 
 *
 

 Prejudgment interest is awardable on highway construction contract claims.
 
 Brezina Construction Co., Inc.
 
 v.
 
 South Dakota Department of Transportation,
 
 297 N.W.2d 168 (S.D.1980);
 
 Sweetman Construction Company, Inc. v. State,
 
 293 N.W.2d 457 (S.D.1980).
 

 On August 29, 1970, the rate of prejudgment interest was six percent per an-num. SDC § 38.0109 (1939). Throughout the several years that this dispute has been in the court system, however, the statutory rate of interest has steadily increased:
 

 July 1, 1939 to July 1, 1972 . 6% per annum
 

 July 1, 1972 to July 1, 1975 . 87» per annum
 

 July 1, 1975 to July 1, 1980 .10% per annum
 

 July 1, 1980 to July 1, 1981.12% per annum
 

 July 1, 1981 to present.18% per annum
 

 See
 
 SDCL 54-3-5. Northern maintains that this sliding scale of increased interest rate should be applied in determining the correct amount of prejudgment interest. We agree.
 

 This Court was recently faced with a similar contention in
 
 Associated Developers, Inc. v. City of Brookings,
 
 305 N.W.2d 848, 849 (S.D.1981), in which we held:
 

 The trial court ordered that the interest be paid at a rate of six percent per an-num from the time that the assessments were paid to the City until the date of the refund. We modify.
 

 We agree that from the date of payment until judgment the property owners are entitled to interest at a rate of six percent per annum. SDCL 54-3-5, 1975 S.D. Sess. Laws, ch. 297. At the time that this judgment was entered, however, SDCL 54-3-5 provided that interest, “in the case of a judgment ... shall be ten per cent per annum.” 1975 S.D. Sess. Laws, ch. 297. Effective July 1,1980, the interest rate “in the case of a judgment” was increased to twelve percent per an-num. SDCL 54-3-5, 1980 S.D. Sess. Laws, ch. 336, § 2. Consequently, the property owners are entitled to interest at a rate of ten percent per annum from June 26, 1978, until June 30, 1980, and interest at a rate of twelve percent per annum thereafter.
 

 Our decision in
 
 Associated Developers
 
 was rendered approximately one month after the trial court entered its judgment herein.
 

 In the instant case, the amount of prejudgment interest must be determined by operation of law, that is, in accord with the periodic escalations of SDCL 54-3-5. We accordingly direct the trial court to recalculate the correct amount of prejudgment interest due Northern.
 

 The judgment of the trial court is affirmed in part, reversed in part, and remanded for the sole purpose of modifying the award of prejudgment interest.
 

 All the Justices concur.
 

 *
 

 We note that the statutory provision for interest on judgments is now found at SDCL 54-3-5.1 (1981 S.D. Sess. Laws ch. 349, §§ 1, 3).